**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE OCT 2 7 2016

*Madsen, C.J.*
CHIEF JUSTICE

This opinion was filed for record

at 8'00 AM on Oct 27 2016

*Susan L. Carlson*

SUSAN L. CARLSON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Matter of the Personal Restraint of | )<br>)<br>)<br>) No. 91268-8 |
| JERRY LEE SWAGERTY, | )<br>) En Banc |
| Petitioner. | )<br>) Filed  OCT 2 7 2016 |
| | )<br>) |

GONZÁLEZ, J.—Jerry Lee Swagerty raped a child in 2004, but he was not identified until DNA (deoxyribonucleic acid) tests were done in 2012. Well within the relevant statutes of limitations, Swagerty was charged with first degree rape of a child and first degree child molestation. Because of his criminal history, he faced a life sentence if convicted as charged. In order to avoid a life sentence, Swagerty pleaded guilty to four lesser offenses in 2013. However, the statute of limitations had run on three of the amended charges. Swagerty seeks to vacate those three convictions and be resentenced only on the one remaining charge. We hold that a criminal defendant may expressly waive an expired statute of limitations on lesser

charges during plea negotiations to take advantage of a favorable plea offer. Accordingly, we reverse the Court of Appeals in part and remand to the trial court with direction to allow Swagerty a choice of two options: (1) he may withdraw his personal restraint petition, effectively keeping to the plea bargain he made, or (2) he may keep the victory he won at the Court of Appeals and move to vacate the 2013 judgment and sentence, and the State will have the opportunity to refile the original charges.

BACKGROUND

In 2004, a young, developmentally disabled girl went to a grocery store with her father. State's Resp. to Pet'r's Pers. Restraint Pet., App. F at 1-2 (State's Resp.). When the girl went to the front of the store to get a cart, a man offered her $10 to help him find his girlfriend. *Id.* at 1. The girl left the store with the man, who led her to a nearby alley and molested her. *Id.* Ten minutes later, the girl returned to her father, and her father immediately contacted the police. *Id.* Although police investigated the case and collected evidence, no arrest was made. *Id.* at 2. In 2012, the Washington State Patrol crime lab conducted DNA testing on a sample taken from the victim's underwear that identified Swagerty as a match. *Id.*

Shortly after the DNA testing, the State charged Swagerty with first degree rape of a child and first degree child molestation for the 2004

2

incident. State's Resp., App. B at 1-2. Plea bargaining was conducted in the shadow of a potential life sentence for Swagerty as a persistent offender. *See* RCW 9.94A.570; *see also* State's Resp., App. A at 4. In 2013, Swagerty pleaded guilty to third degree child rape, luring, second degree burglary, and intimidating a witness. State's Resp., App. A at 3-4. Swagerty's statement on plea of guilty makes clear he pleaded to the amended charges in order to take advantage of the State's offer for a sentence other than life without the possibility of parole. *Id.*, App. C at 9. Swagerty did not, however, explicitly waive the statute of limitations. As part of the plea agreement, the State agreed to recommend a 30-year exceptional sentence. Suppl. Br. of Pet'r, Ex. 2. The court accepted the recommendation and imposed the exceptional sentence, finding that the victim, a 10-year-old developmentally disabled girl, was particularly vulnerable or incapable of resistance. State's Resp., App. D at 2-3.

Swagerty filed this timely personal restraint petition pro se. Division Two, without appointing counsel for Swagerty, requested additional briefing from the State to address the statute of limitations for the amended charges. Suppl. Br. of Pet'r, Ex. 5. In response, the State conceded that the three-year statute of limitations had expired for the amended charges of luring, burglary in the second degree, and intimidating a witness. Suppl. Resp. per Court's

Request at 1-2; *see In Re Pers. Restraint of Swagerty*, No. 45862-4-II

(Wash. Ct. App. Jan. 21, 2015),

http://www.courts.wa.gov/opinions/pdf/D2%2045862-4-

II%20%20Unpublished%20Opinion.pdf. Division Two determined the

amended charge of rape of a child in the third degree was not barred by the

statute of limitations when the State amended the charges in 2013. *Id.* at 4.

Because Swagerty's plea was an "indivisible 'package deal,'" Division Two

vacated all his current convictions, remanded for an order of dismissal, and

noted that the State "may then refile any charges for which the statute of

limitations has not yet expired." *Id.* at 5. Division Two did not rule on any

of the other issues Swagerty raised.

Swagerty moved for discretionary review, arguing, among other

issues, that his case should be remanded to the trial court for resentencing on

the single remaining amended charge that is not time barred. We granted

review and directed the clerk to appoint counsel for Swagerty. Order, *In re*

*Pers. Restraint of Swagerty*, No. 91268-8 (Wash. Dec. 9, 2015).

ANALYSIS

1. EXPIRED STATUTE OF LIMITATIONS

We recognize that Division Two's opinion vacating Swagerty's

convictions potentially puts him in a worse position than if he had not filed

4

his personal restraint petition because the State is able to refile the original, more serious charges against Swagerty. Given that the court below raised the statute of limitations issue sua sponte and did not appoint counsel, and given that it is not clear to us that Swagerty understood the import of the issue the Court of Appeals raised sua sponte, this resolution is troubling and leads us to consider other remedies that may be available.

To receive relief on collateral review, Swagerty must show either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that "constitute[] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810-12, 792 P.2d 506 (1990) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 3d 417 (1962)).

Generally, plea agreements, so long as they are voluntarily and intelligently made with an understanding of the consequences, are both encouraged and enforced. *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 310, 979 P.2d 417 (1999) (citing *State v. Perkins*, 108 Wn.2d 212, 216, 737 P.2d 250 (1987)). However, a plea agreement "'cannot exceed the statutory authority given to the courts.'" *In re Pers. Restraint of Moore*, 116

Wn.2d 30, 38, 803 P.2d 300 (1991) (quoting *In re Pers. Restraint of Gardner*, 94 Wn.2d 504, 507, 617 P.2d 1001 (1980)).

The prefiling expiration of a statute of limitations for a crime affects the authority of the court to enter a judgment and sentence, but it has been found to be is a statutory defect, not a jurisdictional one. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 355, 5 P.3d 1240 (2000). Generally speaking, statutory errors must be raised at trial or, at the latest, in a timely collateral challenge, to be considered. *See generally In re Pers. Restraint of Coats*, 173 Wn.2d 123, 140, 267 P.3d 324 (2011). Some errors are exempted from that time bar including, at least since *Stoudmire*, claims that the statute of limitations had run before the charges were filed. *Stoudmire*, 141 Wn.2d at 353-54. We have held that the statute of limitations "bars prosecution of charges commenced after the period prescribed in the statute," *id.* at 355, and "limits ... the time in which the court can exercise" its authority to enter judgment on an offense to those cases that were properly filed. *State v. Peltier*, 181 Wn.2d 290, 297, 332 P.3d 457 (2014). In *Stoudmire*, we found that it was a complete miscarriage of justice to allow someone to be restrained on time-lapsed charges. 141 Wn.2d at 354-55. The continuing vitality of *Stoudmire* has not been questioned in this case. With one notable exception, once the statute of limitations expires for a

crime, the State lacks the authority to charge a defendant and the court lacks the authority to sentence a defendant under a plea agreement based on untimely charges. *Id.*; *cf. Peltier*, 181 Wn.2d at 298.

Since *Stoudmire*, we have also held that a defendant may waive a statute of limitations. *See Peltier*, 181 Wn.2d at 298. Peltier entered a stipulated trial agreement where he was found guilty of two amended charges rather than the four original charges. *Id.* at 292. Although the statute of limitations had expired on the two amended charges, his stipulated trial agreement included a waiver on the statute of limitations if a subsequent challenge of the agreement led to the refiling of the original charges. *Id.* at 292-93. After Peltier's convictions were vacated, we held the State could refile the original charges, even though the limitations period had passed, because a defendant may expressly waive the statute of limitations when the statute of limitations has not yet run on the underlying charges. *Id.* at 298. Before the statute of limitations expires, the court "still has authority to sentence on charges if convicted." *Id.* at 297. Notably, we also reasoned:

> If it proves more advantageous for a defendant to waive a statute of limitations that has not expired, he or she should be able to do so. This will allow a defendant to plead guilty to lesser charges instead of standing trial on greater ones and facing a lengthy prison sentence.

*Id.* at 297-98 (citations omitted). "Generally, criminal defendants can waive rights that exist for their own benefit," including a statute of limitations. *Id.*

7

at 297 (citing *Cowan v. Superior Court*, 14 Cal. 4th 367, 371, 926 P.2d 438 (1996)).

We recognize that in *Peltier*, we were faced with an agreement that was executed before the relevant statute of limitations had passed, and that our holding specifically concerned that factual scenario. *Peltier*, 181 Wn.2d at 292, 298. But we see no principled reason why under *Peltier*, a defendant could not agree to waive a lapsed statute of limitation on lesser charges to avoid greater charges.[1] Based on *Peltier*, we conclude that as long as the statute of limitations has not yet run at the time of charging on the original, more serious charges, the defendant may knowingly and expressly waive an expired statute of limitations on lesser charges to take advantage of a beneficial plea offer. The defendant may execute this waiver after consulting with counsel as part of plea negotiations.[2]

---

[1] In dissent, Justice Stephens suggests that the principled reason is *Stoudmire* and *Peltier* themselves. *See* dissent (Stephens, J.) at 8. But whether a defendant could make this waiver was before neither court, and thus neither decided it. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511, 45 S. Ct. 148, 69 L. Ed. 411 (1925) (citing *New v. Oklahoma*, 195 U.S. 252, 256, 25 S. Ct. 68, 49 L. Ed. 182 (1904)).

[2] Nothing in this opinion should be taken to suggest that the State has the authority to *initiate* prosecution after the relevant statute of limitations has lapsed or that it would be an appropriate arrow in the prosecutorial quiver to overcharge a defendant with an unlapsed charge in order to induce a plea to a lesser lapsed one. *See Stoudmire*, 141 Wn.2d at 355. Nor should it be taken to suggest that the statute of limitations can be impliedly waived.

In the present case, the statute of limitations had expired on three of the four charges that were part of Swagerty's plea agreement before he was charged. *Swagerty*, slip op. at 4. Swagerty did not expressly waive the expired statute of limitations on the lesser charges. Thus, the trial court exceeded its authority in entering judgment. "'When a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence.'" *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 33, 604 P.2d 1293 (1980) (emphasis omitted) (quoting *McNutt v. Delmore*, 47 Wn.2d 563, 565, 288 P.2d 848 (1955)). Under *Stoudmire*, Swagerty has met the common law threshold requirements for relief on a personal restraint petition.

Under RAP 12.2, we find two appropriate remedies for this invalid judgment. Swagerty may withdraw his personal restraint petition and effectively ratify his agreement, knowing now the implications of the statute of limitations. Alternatively, Swagerty may insist on the relief he is entitled to: accept the vacation of his convictions on all four charges and risk recharging and a life sentence. We leave the choice to Swagerty on remand to the trial court.

We stress that we are taking this step in large part because the court below did not appoint counsel. Division Two accepted Swagerty's petition

9

and requested additional briefing on the statute of limitations issue.

Presumably, the chief judge also determined Swagerty's issues were not

"frivolous," as the petition was referred to a panel of judges for

determination on the merits of the statute of limitations claim. *See* RAP

16.11(b). Under RCW 10.73.150(4), counsel "shall be provided . . . to

prosecute a collateral attack after the chief judge has determined that the

issues raised by the petition are not frivolous." *But see* RAP 16.15(h)

(providing "the court *may* provide for the appointment of counsel at public

expense for services in the appellate court" (emphasis added)). Without the

assistance of counsel, it is possible that Swagerty did not adequately

understand the consequences of the argument he pursued. After conferring

with his appointed appellate counsel, he may choose to withdraw his

personal restraint petition.

Swagerty's second option is to accept the Court of Appeals' vacation

of all convictions on all four charges that were part of an indivisible plea

agreement. This remedy for an invalid plea agreement allows both parties to

start over and "place[s] the parties back in the position they were in before

they entered into the agreement." *In re Pers. Restraint of Thompson*, 141

Wn.2d 712, 730, 10 P.3d 380 (2000). However, if Swagerty chooses this

10

option, the State will still be able to refile the original charges as the statute of limitations has not yet run on those charges.[3]

We specifically reject the remedy Swagerty requests: resentencing only on the third degree child rape charge. This would be an unreasonable windfall for Swagerty, allowing him to negotiate a deal with the State that would spare him a life sentence and then repudiate that deal to his benefit. We recognize that was the remedy given in *Stoudmire*, but *Stoudmire* almost exclusively concerned whether the petition could be heard at all, not the remedy should we reach the merits. *Stoudmire*, 141 Wn.2d at 348-54. Further, as the State argues, Swagerty's plea was an "indivisible 'package deal'" under our court's post-*Stoudmire* decision in *State v. Turley*, 149 Wn.2d 395, 69 P.3d 338 (2003). The defendant in *Turley* pleaded guilty to two crimes after relying on the State's erroneous representations that there was not a mandatory community placement requirement for one of the

---

[3] In 2004, the statute of limitations for rape of a child in the first degree and child molestation in the first degree allowed prosecution for three years after the victim's 18th birthday. Former RCW 9A.04.080(1)(c) (2004). The statute of limitations was extended twice more: in 2009, to allow prosecution up to the victim's 28th birthday, and in 2013, to allow prosecution until the victim's 30th birthday. LAWS OF 2009, ch. 61, § 1; LAWS OF 2013, ch. 17, § 1. A new limitations period applies to an offense if the prior period has not expired. *State v. Hodgson*, 108 Wn.2d 662, 666-67, 740 P.2d 848 (1987). Because the initial time limit had not expired when the legislature subsequently amended the statute of limitations for those crimes, the original charges were not barred in 2012 when Swagerty was originally charged and would not be barred now as the victim has not yet reached her 30th birthday.

charges. *Id.* at 396. The trial court allowed him to withdraw his guilty plea as to that single charge. *Id.* at 397. We reversed, holding that when a defendant pleads guilty "to multiple counts or charges at the same time, in the same proceedings, and in the same document, the plea agreement will be treated as indivisible, absent objective evidence of a contrary intent in the agreement." *Id.* at 402. Here, Swagerty entered a guilty plea to multiple charges at the same time, during the same proceeding, and in the same document. We hold that Swagerty's plea agreement is indivisible under *Turley* and that given the fact there is no discussion in either the *Stoudmire* briefs or the *Stoudmire* opinion of whether the plea agreement was indivisible or what the consequences of indivisibility would be, the relief granted there does not govern the relief appropriate here.

Swagerty contends that resentencing on the single charge is required based on a double jeopardy opinion, *State v. Knight*, 162 Wn.2d 806, 174 P.3d 1167 (2008). In *Knight*, the defendant was originally charged with five crimes and pleaded to three under a plea agreement. *Id.* at 809. However, two of her convictions violated the double jeopardy clause by punishing a single conspiracy twice. *Id.* at 810-11. Even though we assumed Knight's plea agreement was indivisible under *Turley*, we held that vacating a single

12

conviction that violated double jeopardy was the appropriate remedy as Knight did not need to withdraw her entire guilty plea. *Id.* at 813.

Double jeopardy is a constitutional limitation on the power of the court to place a person in jeopardy multiple times for the same offense. *See State v. Bobic*, 140 Wn.2d 250, 260, 996 P.2d 610 (2000). A statute of limitations is a legislatively imposed limit on the time in which charges may be brought. *See Stoudmire*, 141 Wn.2d at 355. The extraordinary remedy in *Knight* has been applied only to other cases involving double jeopardy violations as a result of plea agreements. *See State v. Hughes*, 166 Wn.2d 675, 681 n.5, 689, 212 P.3d 558 (2009); *In re Pers. Restraint of Francis*, 170 Wn.2d 517, 531-32, 242 P.3d 866 (2010); *see also State v. League*, 167 Wn.2d 671, 233 P.3d 493 (2009). It does not apply here.

## 2. REMAINING ISSUES

Swagerty raised other issues in his personal restraint petition and his motion for discretionary review,[4] some of which merit this court's review.

First, Swagerty argues that the State's charges of two first degree crimes, rape and child molestation, for one single alleged act violates double

---

[4] Swagerty also raises claims of prosecutorial misconduct, judicial misconduct, actual innocence, and various due process violations. Swagerty devoted insufficient argument on these claims to warrant our review. Due to the lack of briefing, we decline to reach these issues. *See Saunders v. Lloyd's of London*, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (declining to reach arguments not supported by adequate argument and authority).

jeopardy. However, jeopardy does not attach until a trial-like proceeding begins before a trier of fact to determine guilt or innocence. *State v. Cockrell*, 102 Wn.2d 561, 567, 689 P.2d 32 (1984) (citing *Serfass v. United States*, 420 U.S. 377, 391, 95 S. Ct. 1055, 43 L. Ed. 2d 265 (1975)). Because Swagerty never went to trial or entered a guilty plea on those charges, jeopardy never attached. Swagerty's double jeopardy rights were not violated.

Next, Swagerty argues that his defense counsel was ineffective. A review of the record indicates defense counsel made tactical decisions to secure a plea agreement given the evidence against Swagerty. It is difficult to imagine what evidence or strategy could have overcome the documented presence of Swagerty's DNA in the victim's underwear, and Swagerty identifies none. Even if counsel's assistance was deficient, Swagerty has failed to show any prejudice. Swagerty's ineffective assistance of counsel claim fails.

Finally, Swagerty argues that his criminal history is inaccurate and certain convictions should not have counted as strikes under the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981 because the crimes should have been considered the "same criminal conduct." Ch. 9.94A RCW. Legal errors in offender score calculations may be raised for

the first time on collateral review when the error is apparent on the face of the judgment and sentence "without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 873-74, 50 P.3d 618 (2002). But whether Swagerty's prior convictions were for the same criminal conduct is not evident on the face of the judgment and sentence without further elaboration. Instead, it was a matter of fact and trial judge discretion. *See In re Pers. Restraint of Shale*, 160 Wn.2d 489, 494-95, 158 P.3d 588 (2007) (citing *State v. Nitsch*, 100 Wn. App. 512, 520-23, 997 P.2d 1000) (noting that because the same criminal conduct inquiry involves both factual determinations and the exercise of discretion, if a defendant fails to bring this to the court's attention, she waives the challenge to her offender score)). Swagerty's bare allegation of error is not sufficient to overcome the time bar here.

CONCLUSION

We hold that a criminal defendant may expressly waive an expired statute of limitations during plea negotiations to receive the benefit of a better sentence on a different charge. We reverse the Court of Appeals in part and remand this case to the trial court with direction to allow Swagerty the choice of withdrawing his personal restraint petition or accepting the vacated judgment and sentence for his convictions. If Swagerty chooses the

15

latter, the State may refile any original charges for which the statute of limitations have not yet expired.

Gonzalez, J.

WE CONCUR:

Johnson, J.

Wiggins, J.

Gordon McCloud, J.

Yu, J.

17

No. 91268-8

OWENS, J. (dissenting) — Jerry Lee Swagerty's convictions rested on a plea agreement containing three time-barred charges for which he did not waive the expired statute of limitations. I would affirm the Court of Appeals' finding that this issue is dispositive, and that we must vacate Swagerty's judgment and sentence. Since the majority offers Swagerty a choice of options, as opposed to simply vacating his sentence as our case law directs us to do, I must respectfully dissent.

ANALYSIS

Swagerty asks us to hold that three of the four convictions in his plea agreement are unlawful since the statute of limitations for the charges had expired when he entered into the deal, even though pleading to those charges allowed him to avoid greater charges. He asks us to resentence him to only the remaining charge that

was not time barred. Since the plea agreement is both invalid and indivisible, I would vacate and remand for dismissal of Swagerty's convictions.

The majority allows Swagerty a choice of either withdrawing his personal restraint petition to maintain the plea agreement in place or to keep his victory at the Court of Appeals and enjoy vacation of his convictions. I disagree with that approach because our case law provides for only one remedy: vacating the invalid plea agreement. I recognize that vacating Swagerty's convictions may result in the State's decision to refile the original charge of first degree child rape, which might subject him to a life sentence as a persistent offender. However, it was this plea agreement that enabled Swagerty to avoid a life sentence. That he sought to challenge it was his prerogative.

As the majority noted, Swagerty was not charged until about eight years after he assaulted his 10-year-old victim. He faced charges of first degree child rape and first degree child molestation. He faced life imprisonment because a conviction of first degree child rape would have been his third strike, so he agreed to a deal with the State to plead guilty to amended charges of third degree child rape, luring, second degree burglary, and intimidating a witness. Although the statute of limitations for the three latter charges had expired, Swagerty pleaded guilty to and received a 30-year sentence for the four lesser charges rather than the life sentence he might otherwise have received. Swagerty argued that since the statute of limitations had expired on

2

three of those charges, he should be resentenced on only the remaining charge in his plea agreement for third degree child rape. This remedy is not available, and as explained below, several rules together direct us to the proper remedy: to vacate the entire plea agreement.

First, we have held that courts cease to have authority to enter judgment on an offense where the statute of limitations has expired. *In re Pers. Restraint of Stoudmire,* 141 Wn.2d 342, 354-55, 5 P.3d 1240 (2000); *State v. Peltier,* 181 Wn.2d 290, 297, 332 P.3d 457 (2014). In *Stoudmire,* we held that the defendant's restraint on expired charges resulted "in a complete miscarriage of justice." 141 Wn.2d at 355. Here, the State concedes that three of the four charges were subject to statutes of limitation that had expired before Swagerty was sentenced. In *Peltier,* we said that defendants may expressly waive a statute of limitations to his or her own advantage (to plead guilty to a lesser charge, for instance), but that this waiver must occur before the limit has expired while the court still has authority to sentence on those charges. 181 Wn.2d at 297-98. Here, Swagerty did not expressly waive the statute of limitations. Since the convictions rest on expired charges without waiver, Swagerty's continued restraint based on those three charges would be unlawful. Swagerty asks that we vacate those three convictions and resentence him as to the remaining unexpired charge. However, the next important rule instructs us as to why that is not the appropriate remedy.

3

Our case law directs us to find that Swagerty's plea agreement is indivisible, meaning that we cannot invalidate only a portion of it. Since the statute of limitations had expired on three of the four charges, those convictions are contrary to our law. Under our law, one problematic charge in a plea agreement can spoil the whole bushel when it is indivisible. *State v. Turley*, 149 Wn.2d 395, 402, 69 P.3d 338 (2003). In *Turley*, we concluded that such agreements were indivisible where they are set forth in one document during the same proceeding and at the same time. *Id.* Thus, although the limitations period had not expired for the crime of third degree child rape, Swagerty's plea agreement is a "'package deal.'" *Id.* at 400. The majority agrees that the plea agreement is indivisible. However, the majority would offer Swagerty a choice between either maintaining his plea agreement or vacating his convictions.

I disagree with that approach because our case law instructs that the proper remedy is to vacate the entire plea agreement. Plea agreements "function[] as a contract" and as such, we have held that standard contract law applies to them. *State v. Barber*, 170 Wn.2d 854, 859, 248 P.3d 494 (2011). As with other contracts, in the case of a mutual mistake regarding information in the plea agreement, the proper remedy is to rescind the contract. *Id.* at 873. When a conviction rests on an invalid plea agreement, the proper remedy is to vacate the conviction to "place the parties back in the position they were in before they entered into the agreement." *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 730, 10 P.3d 380 (2000). Here, both parties

4

were mistaken as to the applicable statute of limitations. Thus, the proper remedy is to rescind the contract, that is, to withdraw the plea agreement entirely.

The majority is correct that withdrawing this plea would subject Swagerty to the State's choice to refile the original, greater charge, but vacating the convictions is the remedy available under our law. Both the State and Swagerty will be placed back in the position that they were in before they entered into the agreement. Not only is that the legally accurate outcome, but it is important to bear in mind that Swagerty himself challenged the validity of these convictions. Rather than face a potential life sentence with the original charge of first degree child rape, Swagerty accepted the benefit of the plea agreement. That was his choice. He then chose to challenge the validity of those convictions in spite of that benefit. It is no failure of justice to give Swagerty what he asked for. I would affirm the Court of Appeals.

## CONCLUSION

I disagree with the majority's approach in offering Swagerty the option to keep his plea agreement in place because it is contrary to our law. Since our law plainly supports vacating the entire plea, I would affirm the Court of Appeals and vacate Swagerty's judgment and sentence. I must respectfully dissent.

5

*In re Pers. Restraint of Swagerty*, No. 91268-8
Owens, J., Dissenting

Owens, J.

Fairhurst, J.

*In re Personal Restraint of Swagerty (Jerry Lee)*

No. 91268-8

STEPHENS, J. (dissenting)—The majority recognizes, as it must, that "the trial court exceeded its authority in entering judgment" on three of the four charges in Jerry Lee Swagerty's plea agreement because the statute of limitations had expired on those charges before Swagerty accepted the agreement. Majority at 9. While the consequence of that recognition may be unappealing to the majority, it is not in doubt under our precedent. The clear holdings of *In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 5 P.3d 1240 (2000), and *State v. Knight*, 162 Wn.2d 806, 174 P.3d 1167 (2008), require vacation of the invalid charges and resentencing on the remaining valid charge. The majority's rejection of this remedy is based on its misinterpretation of *State v. Peltier*, 181 Wn.2d 290, 332 P.3d 457 (2014), and misapplication of *State v. Turley*, 149 Wn.2d 395, 69 P.3d 338 (2003). I respectfully

dissent. I would hold that our decisions in *Stoudmire*, *Peltier*, and *Knight* require us to vacate the charges for which the statute of limitations had run, and remand for resentencing on the one remaining charge.[1]

In *Stoudmire*, we held that once the statute of limitations has run on a charge, the court loses its authority to enter judgment. *See* 141 Wn.2d at 355. We explained, "[T]he statute of limitations bars prosecution of charges commenced after the period prescribed in the statute." *Id.* Although the court does not lose subject matter jurisdiction over the case, once the limitations period expires, the court lacks the authority to enter judgment on that charge. *See id.* at 353, 355. We also recognized, "'[A] plea bargaining agreement *cannot* exceed the statutory authority given to the courts.'" *Id.* at 355 (emphasis added) (alteration in original) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Moore*, 116 Wn.2d 30, 38, 803 P.2d 300 (1991)). A defendant may not consent to be charged for a crime for which the statute of limitations has run because the court lacks authority to enter judgment for that crime. *See id.* Where a defendant pleads guilty to crimes with expired statutes of limitations, the necessary remedy is to vacate those convictions without disturbing

---

[1] I join Part 2 of the majority and agree with its resolutions of the other issues in this case. Majority at 13-15.

the rest of the plea. *See id.* at 355, 356-57. As discussed in more detail below, we reiterated these principles in *Peltier*. 181 Wn.2d at 296-98.

The case before us is governed by these principles. Swagerty pleaded guilty to four counts: third degree child rape, luring, second degree burglary, and intimidating a witness. *See* State's Resp. to Pet'r's Pers. Restraint Pet., App. A at 3-4 (State's Resp.). The three-year statute of limitations for luring, second degree burglary, and intimidating a witness expired well before he was charged with those crimes. *See* RCW 9A.04.080(1)(h); State's Resp., App. A at 3-4. The court did not have authority to enter judgment on those crimes, and Swagerty could not expand the court's authority by pleading guilty or waiving the already lapsed limitation period. *See Stoudmire*, 141 Wn.2d at 354-55; *Peltier*, 181 Wn.2d at 296-97.

The majority recognizes that a court does not have the authority to enter judgment once the statute of limitations expires. *See* majority at 6 ("once the statute of limitations expires for a crime, the State lacks the authority to charge a defendant and the court lacks the authority to sentence a defendant under a plea agreement"), 9 ("the trial court exceeded its authority in entering judgment" on the three charges with expired statutes of limitations). And it purports not to overrule *Stoudmire*. *Id.* at 6 ("The continuing vitality of *Stoudmire* has not been questioned in this case."). Nonetheless, the majority attempts to avoid the result required under *Stoudmire* by

arguing that a criminal statute of limitations is only a "legislatively imposed limit on the time in which charges may be brought." *Id.* at 13. This statement contradicts our long-standing recognition that a limitations period limits not only the time in which charges must be brought, but also the very authority of a court to enter judgment on untimely charges. *See Stoudmire*, 141 Wn.2d at 355. A limitation on the court's authority—be it constitutional or validly imposed by the legislature—is a limitation on its power. The source of the restriction is irrelevant.

The majority misreads *Peltier* to "conclude that as long as the statute of limitations has not yet run at the time of charging on the original, more serious charges, the defendant may knowingly and expressly waive an expired statute of limitations on lesser charges to take advantage of a beneficial plea offer." Majority at 8. In *Peltier*, the defendant was charged with four serious crimes. 181 Wn.2d at 292. He entered into a "stipulated agreement in exchange for being charged with . . . two lesser crimes." *Id.* at 298. The agreement provided that if Peltier challenged the conviction, "'*the State may* either recommend a more severe sentence, file additional or greater charges, or *re-file charges that were dismissed. The defendant waives any objection to* the filing of additional or greater charges based on . . . *statutes of limitations.*'" *Id.* at 293. The majority characterizes this as "a waiver on the statute of limitations if a subsequent challenge of the agreement led

-4-

to the refiling of the original charges." Majority at 7. This characterization is overbroad. The agreement waived Peltier's objection to the future lapse of a then *unexpired* statute of limitations. It did not (and under *Stoudmire* it could not) waive an objection to a statute of limitations that had already run.

When Peltier entered into the agreement, the statute of limitations had not yet run on the four original charges. *Peltier*, 181 Wn.2d at 292. But it had run on the lesser charges to which Peltier pleaded guilty and on which the court entered judgment. *Id.* When Peltier subsequently challenged his convictions, the Court of Appeals followed *Stoudmire* and vacated the convictions on the untimely lesser charges. *See id.* at 293; *In re Pers. Restraint of Peltier*, noted at 166 Wn. App. 1023, 2012 WL 432258, at *1 (2012). This result was so obvious under *Stoudmire* that the State did not object; thus, the lesser charges were not before us in *Peltier*. *See Peltier*, 181 Wn.2d at 293.

The issue before this court concerned the State's refiling of some of the original, more serious charges. *Id.* at 293. Peltier moved to dismiss these charges because by then the applicable statute of limitations had run. *Id.* "The State argued that Peltier waived his right to object to the statute of limitations in the agreement upon stipulation, so the State had the right to refile the charges." *Id.* at 293-94.

This court began its analysis by reiterating the principles from *Stoudmire*: a statute of limitations is not jurisdictional, but its expiration deprives the court of authority to enter judgment. *Id.* at 296-97. The court then explained why *Peltier* was different from *Stoudmire*.

> In *Stoudmire*, the statute of limitations had run on the underlying charges by the time Jerrod Stoudmire was sentenced. Because of this, the court held that the charges were beyond the statutory authority of the court. ... Since the court had no authority to sentence, Stoudmire could not consent to be charged or waive any objection to the untimely charging. But this case is distinguishable from *Stoudmire*. Here, the statute of limitations had not run on the underlying charges at the time Peltier entered the stipulated agreement, meaning the court still had the authority to sentence him.

*Id.* at 297 (citation omitted).

The court held, "When a statute of limitations has not run and the court still has authority to sentence on charges if convicted, a defendant may waive the statute of limitations if he or she so chooses. This waiver must be express." *Id.* The court reiterated that a defendant may waive the statute of limitations *only if* it "has not yet run ... and the court thus still has authority to sentence on the charges if convicted." *Id.* at 298; *see also id.* ("the stipulation upon agreement was executed when the court still had the authority to sentence and so the waiver therein is valid"; "A defendant may expressly waive a criminal statute of limitations when he or she agrees to do so when the statute of limitations has not yet run on the underlying charges. At that time, the court has authority over the charges, so an express waiver is effective and

will be upheld."). Peltier expressly waived any statute of limitations defense to the original charges *before* they expired. *Id.* The State could therefore refile the original charges. *Id.*

The majority declares that if a defendant can agree to waive an unexpired limitations period, "we see no principled reason why under *Peltier*, a defendant could not agree to waive a lapsed statute of limitation on lesser charges to avoid greater charges." Majority at 8. But the principled reason is the holding of *Stoudmire*, and the court in *Peltier* distinguished *Stoudmire* on this very basis. *Peltier* makes clear that the case before us is squarely governed by *Stoudmire*. 181 Wn.2d at 297.[2] Like the defendant in *Stoudmire*, Swagerty pleaded guilty to charges after the statute of limitations had run. At the time he entered his plea agreement,

---

[2] The majority asserts—without citation—that neither *Stoudmire* nor *Peltier* considered the waiver question before us. Majority at 8 n.1. In fact, waiver was the central issue, as the State in each case argued that defendant's guilty plea agreement expressly waived the statute of limitations. *See Stoudmire*, 141 Wn.2d at 354 ("[T]he State argues that Stoudmire is not entitled to relief because his guilty plea waives any challenge to the charging dates in counts I and II."); *Peltier*, 181 Wn.2d at 293-94 ("The State argued that Peltier waived his right to object to the statute of limitations in the agreement upon stipulation."). This court in *Stoudmire* squarely held that the defendant could not waive the statute of limitations because "'a plea bargaining agreement cannot exceed the statutory authority given to the courts.'" *Stoudmire*, 141 Wn.2d at 355 (quoting *Moore*, 116 Wn.2d at 38). Later explaining why this holding did not require invalidating Peltier's plea to then-timely charges, the court recognized that *Stoudmire* addressed the issue of waiver and held that a defendant "could not consent to be charged or waive any objection to the untimely charging." *Peltier*, 181 Wn.2d at 297. The majority clearly disagrees with the holding in *Stoudmire*, but it cannot substantiate its assertion that no such holding exists.

the court did not have authority to enter judgment for those crimes. Contrary to the majority's conclusion, under our precedent Swagerty could not waive the expired statute of limitations and belatedly expand the court's authority. *See id.*; *Stoudmire*, 141 Wn.2d at 354-55.[3]

Based on the clear holdings of *Stoudmire* and *Peltier*, the three charges for which the statute of limitations had run must be vacated and Swagerty should be resentenced on the single remaining charge. The majority and the Court of Appeals view this result as unjust, and seek to avoid it by characterizing the plea as indivisible under *Turley*. *See* majority at 8-10; *In re Pers. Restraint of Swagerty*, No. 45862-4-II, slip op. at 4 (Wash. Ct. App. Jan. 21, 2015) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2045862-4-II%20%20Unpublished%20Opinion.pdf. *Turley*, however, is inapplicable because Swagerty is not seeking to withdraw his plea.[4] *See Knight*, 162 Wn.2d at 813 (holding *Turley* did not prevent

---

[3] Even if the court had the authority to enter judgment on untimely charges based on a defendant's waiver, *Peltier* requires an express waiver. *See* 181 Wn.2d at 298. Swagerty did not expressly waive the statute of limitations. If we were to now recognize an implied waiver—apparently based on a defendant taking advantage of a good plea bargain—we would have to overrule both *Stoudmire* and *Peltier*, something the majority does not do.

[4] Swagerty appears to advocate for a variety of remedies in his pro se filings. *See, e.g.*, Am. Pers. Restraint Pet. at 9. However, as the case is presented to us by counsel, it is clear that Swagerty is *not* seeking withdrawal of his plea, but rather vacation of the three invalid charges and resentencing on the remaining charge. *See* Suppl. Br. of Pet'r at 15; Wash. Supreme Court oral argument, *In re Pers. Restraint of Swagerty*, No. 91268-8 (May

the court from vacating a single conviction obtained through an indivisible plea agreement where the defendant did "not seek to withdraw her guilty pleas"). Swagerty asks us to "vacate the three counts [for which the statute of limitations had run] and remand for resentencing on count I." Suppl. Br of Pet'r at 15. This is the same remedy we provided in *Stoudmire*. *See* 141 Wn.2d at 356 (vacating convictions where the statute of limitations ran before charging, and remanding for resentencing on the remaining counts). *Knight* also supports this remedy and, as an analogous case, aptly explains why the indivisibility of the plea is irrelevant.

In *Knight*, the defendant entered an indivisible plea agreement and agreed to plead guilty to three crimes. 162 Wn.2d at 809, 813. She then appealed, arguing that two of the convictions violated double jeopardy. *Id.* at 809. The question before the court was whether "a single conviction can be vacated for a double jeopardy violation without rejecting an indivisible plea agreement." *Id.* at 810. We held, "[V]acating a conviction is the proper remedy when the conviction violates double jeopardy, even when entered pursuant to an indivisible plea agreement." *Id.* at 808.

---

10, 2016), at 14 min., 36 sec. to 14 min., 52 sec., *audio recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org ("Mr. Swagerty's very clearly not done that [sought to withdraw his plea]. Even the State knows that Mr. Swagerty has not done that [sought to withdraw his plea] . . . . [T]he State says he's not asking to withdraw his plea, he's not challenging his plea. And on that one thing, the State is absolutely right.").

The court explained that double jeopardy prevents the court from entering "'multiple convictions for the same offense.'" *Id.* at 813 (quoting *State v. Womac,* 160 Wn.2d 643, 658, 160 P.3d 40 (2007)). "The proper remedy for double jeopardy violations . . . is vacating the offending convictions." *Id.* at 812. This was true even when the conviction was entered pursuant to a plea agreement, where that agreement did not waive double jeopardy protections. *See id.* at 813. "[T]he plea agreement has no bearing on the ability of the court to vacate a conviction entered pursuant to the guilty plea itself, because the plea itself need not be disturbed." *Id.* at 812. Because Knight did not seek to withdraw her guilty pleas, and her plea agreement did not waive double jeopardy protections, "the indivisibility of the plea agreement ha[d] no bearing on our analysis." *Id.* at 813. The court vacated the conviction that violated double jeopardy, even though it was entered into as part of an indivisible plea agreement. *Id.*

Statutes of limitations, like double jeopardy, limit the power of the court. *See Stoudmire,* 141 Wn.2d at 355. Although double jeopardy is a constitutional limitation, and statutes of limitations are legislatively imposed, they both restrict the court's authority to enter judgment against the defendant. There is nothing in the reasoning of *Knight*'s holding that limits it to cases of double jeopardy, particularly in light of the continuing validity of *Stoudmire* and *Peltier*. Because the court lacked

the authority to enter judgment against Swagerty on three of the convictions at the time he entered into the plea agreement, we must vacate those charges and remand for resentencing on the remaining valid conviction.

The majority resists this clear mandate from binding precedent and instead offers Swagerty the choice of either withdrawing his personal restraint petition or withdrawing his entire plea. *See* majority at 8-10. Neither option is tenable. The former impermissibly expands the authority of the court to enter judgment against a defendant once the statute of limitations has already run. *See Peltier*, 181 Wn.2d at 297; *Stoudmire*, 141 Wn.2d at 355. The latter forces Swagerty to face the very peril he specifically sought to avoid by entering into the plea agreement. *Cf. State v. Hall*, 162 Wn.2d 901, 177 P.3d 680 (2008) (holding double jeopardy prohibits the State from moving to vacate a criminal conviction against the defendant's objection). I share the majority's dissatisfaction with a result that seems to give Swagerty a windfall, but I believe an occasional unsatisfying outcome is the acceptable cost of consistently applying settled legal rules. Moreover, I am confident that this situation need not arise again. The parties and trial courts in future cases can assure that plea agreements conform to the limits of judicial authority and contain appropriate express waiver provisions. I respectfully dissent.

*In re Pers. Restraint of Swagerty (Jerry Lee)*

No. 91268-8

MADSEN, C.J. (concurring in dissent)—I agree with Justice Stephens that *In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 5 P.3d 1240 (2000), *State v. Peltier*, 181 Wn.2d 290, 332 P.3d 457 (2014), and *State v. Knight*, 162 Wn.2d 806, 174 P.3d 1167 (2008), require us to vacate the charges for which the statute of limitations had run. I disagree, however, that the sole remedy is to remand for resentencing on the remaining charge. Rather, for the vacated lesser charges, the State could refile the original charges for which the statute of limitations had not run before Jerry Swagerty accepted the plea agreement. Vacating a plea agreement places the parties "back in the position they were in before they entered into the agreement." *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 730, 10 P.3d 380 (2000). Therefore, Swagerty could face the original charges for which the statute of limitations had not run.

Accordingly, I respectfully dissent.

No. 91268-8
Madsen, C.J., concurring in dissent

Madsen, C.J.

2