# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Matter of the<br>Personal Restraint Petition of<br><br>RONALD JAY BIANCHI,<br><br>                      Petitioner. | No. 49296-2-II<br><br><br><br>UNPUBLISHED OPINION |

MAXA, A.C.J. — Ronald Bianchi seeks relief from personal restraint imposed following his pleas of guilty in 1998 to three counts of first degree robbery (counts I, II, and III), two counts of second degree assault (counts IV and V), three counts of attempted first degree felony murder (counts VI, VII, and VIII), one count of attempting to elude (count IX), three counts of first degree possession of stolen property (counts X, XI, and XII), and second degree malicious explosion (count XIII).[1] Bianchi is not represented by counsel in this personal restraint petition (PRP).

---

[1] Bianchi filed a motion to modify his judgment and sentence in the trial court. That trial court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

We grant Bianchi's petition and vacate his three convictions for attempted first degree felony murder, subject to a stay of execution and appointment of counsel to allow Bianchi to consider whether to withdraw his PRP.

ANALYSIS

A.    VACATION OF THREE CONVICTIONS

Bianchi argues that his judgment and sentence is facially invalid as to counts VI, VII, and VIII because he was convicted for those counts based on attempted first degree felony murder, which does not exist as a crime in Washington under *In re Personal Restraint of Richey*, 162 Wn.2d 865, 870, 175 P.3d 585 (2008).  He seeks the vacation of counts VI, VII, and VIII and resentencing on the remaining 10 counts.

The State concedes that Bianchi's judgment and sentence is facially invalid as to counts VI, VII, and VIII, that his PRP is not time barred, and that he is entitled to vacation of the convictions on those counts.  We accept the State's concession and vacate Bianchi's convictions as to counts VI, VII, and VIII.

B.    FILING NEW CHARGES ON REMAND

The State argues that vacation of these convictions does not prevent the filing of an amended information to file three counts of attempted first degree murder under RCW 9A.32.030(1)(a).  Bianchi responds that because his guilty pleas were part of an indivisible plea agreement, the State should be precluded from filing attempted first degree murder charges following vacation of counts VI, VII, and VIII.  In the alternative, he argues that he should be able to withdraw his pleas of guilty as to all 13 counts.

We agree with the State. The remedy for an invalid plea agreement allows both parties to "start over" and returns the parties to the same position they were in before they entered into the plea agreement. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 811, 383 P.3d 454 (2016). Therefore, on remand, the State will be able to file any charges for which the statute of limitation has not run. *Id.* at 815. And Bianchi will be entitled to withdraw his pleas of guilty as to the remaining 10 counts. *See State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003) (holding that a plea agreement must be treated as indivisible when pleas to multiple counts are made at the same time). But the Supreme Court in *Swagerty* expressly rejected the remedy Bianchi requests: resentencing only on the remaining charges in the plea agreement. 186 Wn.2d at 812-13.

C.      APPOINTMENT OF COUNSEL

If the State decides to file attempted first degree murder charges after remand and Bianchi is found guilty, he could receive a longer sentence than his current sentence. In *Swagerty*, the court suggested that in this situation, we should appoint counsel to make sure that the petitioner adequately understands the consequences of the relief he has pursued. *Id.* at 810-11. The petitioner can then decide, with assistance of counsel, whether to insist on the relief to which he is entitled or to withdraw his PRP. *Id.*

Based on *Swagerty*, we stay the execution of this decision for 90 days. We appoint counsel to represent Bianchi in this matter to assist him in considering whether to withdraw his PRP.

No. 49296-2-II

CONCLUSION

We grant Bianchi's personal restraint petition and vacate his three convictions for attempted first degree felony murder. But we stay execution of this decision for 90 days. And we appoint counsel to represent Bianchi in this matter to assist Bianchi in considering whether to insist on the relief to which he is entitled or to withdraw his PRP. If Bianchi does not file a written election to withdraw his PRP within 90 days, we will issue a certificate of finality and remand to the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

JOHANSON, J.

MELNICK, J.

4