# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>LUIS ALBERTO RANGEL,<br><br>                       Petitioner. | No.  56762-8-II<br><br>UNPUBLISHED OPINION |

LEE, J. — Luis A. Rangel seeks relief from personal restraint following his guilty plea to attempted first degree murder with a deadly weapon enhancement.  Rangel was 17 years old at the time of the crime and argues that he is entitled to resentencing so that the sentencing court can take into account the mitigating qualities of youth.  Because Rangel has failed to establish prejudice, we deny Rangel's petition.

## FACTS

On July 20, 2007, Rangel stabbed Francisco Lopez in the chest with a knife.  On June 5, 2008, Rangel pleaded guilty to attempted first degree murder with a deadly weapon enhancement. The plea was reached as part of an agreement in which the State agreed not to file additional felony charges, including an additional felony charge from a new incident that occurred while Rangel was incarcerated.

The case proceeded to sentencing the same day Rangel pleaded guilty.  The State recommended a sentence of 216 months' confinement.  The sentence recommendation was based on a standard range sentence of 192 months (12 months more than the low-end of the standard sentence range) and 24 months for the deadly weapon enhancement.  The State noted that the

recommended sentence was one year longer than the sentence received by Rangel's co-defendant, which was in part because Rangel was the principal actor in the situation. Rangel agreed with the recommended sentence of 216 months' confinement. Rangel's defense attorney explained:

> This plea agreement calls for an 18-year sentence. Mr. Rangel just turned eighteen the first part of May, so he's a very young man. He's not been in trouble before. Unfortunately, he got linked up in the gang culture and environment and all the things that happened here I think are an outgrowth of that culture. So he's paying a very severe punitive price for his behavior. He understands that. I think he does regret getting involved in this incident. We would ask the Court to follow the plea agreement because we think given his age, that's a fair resolution of the case.

Verbatim Rep. of Proc. (VRP) at 8. Rangel declined to make a statement of his own.

The superior court agreed to follow the sentencing recommendation explaining:

> [I]t is a shocking and sad situation for such young men as [Rangel's counsel] states to become involved in this activity, to have something so serious happen and have your futures affected so seriously by that over what seems to be something that's very hard to understand why this would happen. It's a very terrible thing in the community, it's a terrible thing for the individuals involved, and certainly here almost involved the loss of a life of another young man. We can only hope that the efforts of law enforcement and education in the schools and so on would convince other young people not to become involved in this activity, but unfortunately it seems to be increasing, rather than decreasing.
> As this was a plea negotiated between the parties, I'll follow the recommendation here for 18 years in prison. It is a lengthy period of time. I certainly hope that during that time you will not become involved in any activity that may involve you in other penalties. As we see here, there was already an incident that was taken into account here by the State . . . agreeing not to pursue that incident. I think you'll be facing a long time in prison if anything of that nature continues to happen.

VRP at 8-9. The superior court imposed the agreed sentence of 216 months' confinement.

Rangel filed a CrR 7.8 motion seeking resentencing based on our Supreme Court's opinion in *State v. Houston-Sconiers*.[1] The superior court transferred Rangel's CrR 7.8 motion to this court for consideration as a personal restraint petition.[2]

ANALYSIS

Rangel argues that he is entitled to a resentencing hearing because the sentencing court failed to consider the mitigating qualities of youth when imposing its sentence. Further, Rangel argues that the superior court's failure to comply with the dual procedural mandates of *Houston-Sconiers* is per se prejudice. Because Rangel fails to establish actual and substantial prejudice, we deny his petition.

To obtain relief in a personal restraint petition, a petitioner must demonstrate either a constitutional error resulting in actual and substantial prejudice or a nonconstitutional error that is a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016).

As an initial matter, we note that recent cases from our Supreme Court have clarified the distinction between the substantive and procedural rules announced by *Houston-Sconiers*. The substantive rule that applies retroactively is "that courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard [Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW] ranges and enhancements would be disproportionate

---

[1] 188 Wn.2d 1, 391 P.3d 409 (2017).

[2] Rangel's judgment and sentence became final on June 5, 2008, when it was entered. RCW 10.73.090(3)(a). Generally, a petitioner must challenge a judgment and sentence within one year of it becoming final. RCW 10.73.090(1). However, the substantive rule announced by *Houston-Sconiers* is a significant, material, retroactive change in the law that meets the RCW 10.73.100(6) exception to the time bar. *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 236, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021). Therefore, Rangel's petition is not time barred.

punishment.'" *In re Pers. Restraint of Hinton*, ___ Wn.2d ___, 525 P.3d 156, 161 (2023) (first alteration in original) (quoting *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 239, 474 P.3d 507 (2020) , *cert. denied*, 141 S. Ct. 1754 (2021)). However, the dual mandates of *Houston-Sconiers*—that the superior court must meaningfully consider the mitigating circumstances of youth and understand its complete discretion to depart from standard SRA sentences for juveniles—are procedural and do not apply retroactively. *Id*. at 162-63.

Because the procedural rule from *Houston-Sconiers* does not apply retroactively, the superior court's failure to comply with the dual mandates is not error, much less per se prejudicial error as Rangel asserts. Instead, the only possible constitutional error would be a violation of the substantive rule from *Houston-Sconiers*: imposition of an adult SRA sentence on a juvenile with diminished culpability resulting in disproportionate punishment.

Even assuming, without deciding, that Rangel has established a constitutional error under *Houston-Sconiers*'s substantive rule, Rangel has failed to establish prejudice. *See In re Pers. Restraint of Forcha-Williams*, 200 Wn.2d 581, 597-99, 520 P.3d 939 (2022) ("[W]e stress that the Eighth Amendment is violated only when a juvenile who possesses diminished culpability is mandatorily sentenced to an adult standard range or enhancement. . . . This court has long held a petitioner alleging constitutional error on collateral review must show by a preponderance of the evidence that he was actually and substantially prejudiced by the alleged error.").

To demonstrate actual and substantial prejudice from a *Houston-Sconiers* error, "a petitioner must show by a preponderance of the evidence that his sentence would have been shorter if the sentencing judge complied with *Houston-Sconiers*." *Id*. at 599. As relevant here, a petitioner may meet this burden by showing that the superior court failed to consider the mitigating qualities

of youth or failed to appreciate its discretion to depart from a mandatory adult sentence, *and* imposed the lowest minimum adult sentence authorized by statute. *Id*.

Here, the superior court imposed a sentence based on the agreed recommendation of both the prosecutor and defense counsel. All the parties and the superior court agreed that the sentence was appropriate given the nature of the crime, the sentence of Rangel's co-defendant, and the additional conduct that was not being charged as a result of the plea agreement. Rangel has failed to show that it is more likely than not that he would have received a shorter sentence if the sentencing court had complied with *Houston-Sconiers*. Therefore, Rangel has failed to establish actual and substantial prejudice.

Because Rangel has failed to establish actual and substantial prejudice, we deny Rangel's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, C.J.

Price, J.