# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JOHNATHAN MICHAEL GOULDING BOOTH,<br><br><div align="center">Petitioner.</div> | No.  59634-2-II<br><br>UNPUBLISHED OPINION |

LEE, J.— Johnathan M. Goulding Booth seeks relief from personal restraint imposed after he was convicted of three counts of domestic violence felony violation of a no contact order.

Goulding Booth's trial was delayed for several months after the trial court ordered a competency evaluation at defense counsel's request, which tolled the time for trial clock until Goulding Booth was found competent to stand trial.  In this personal restraint petition (PRP), Goulding Booth argues that his time for trial right under CrR 3.3 was violated because defense counsel did not consult him before requesting the competency evaluation, and the trial court did not explain to Goulding Booth the impact on his rights before ordering the evaluation.  We deny Goulding Booth's PRP.

<div align="center">FACTS</div>

While Goulding Booth was in jail for a different case, police served Goulding Booth with a no contact order prohibiting Goulding Booth from contacting his former landlord.  The next day, after Goulding Booth was released from jail, he called his landlord twice from the jail lobby's public phone and then a third time that night from a hotel phone.  Because Goulding Booth had

two prior convictions for violating a no contact order, the State charged Goulding Booth with three counts of domestic violence felony violation of a no contact order.

A.      PRETRIAL PROCEEDINGS

In December 2022, the trial court appointed counsel for Goulding Booth and arraigned him on the charges. The next month, his appointed counsel left the office of public defense and new counsel was appointed to represent Goulding Booth, which reset the 60-day time for trial clock to begin running on January 24, 2023. CrR 3.3(c)(2)(vii).

On February 9, 2023, defense counsel raised concerns about Goulding Booth's competency to stand trial, and the trial court ordered Goulding Booth to undergo a competency evaluation, which tolled the time for trial clock at 17 days. CrR 3.3(e)(1). Booth was evaluated at Western State Hospital and was found competent to stand trial on May 11, so the time for trial clock resumed running on that date. CrR 3.3(e)(1). Because Goulding Booth was pursuing the expert reports required to support a request for a Mental Health Sentencing Alternative (MHSA), the court did not set a trial date but did set a review hearing date.

At the review hearing on May 23, Goulding Booth began complaining that his time for trial rights had been violated because he had not been consulted about defense counsel's decision to request a competency evaluation and more than 60 days had passed since his arraignment.[1] When the trial court asked if Goulding Booth wished to set the case for trial, Goulding Booth stated that he did not want to abandon his pursuit of the MHSA. Two days later, on May 25, the parties asked

---

[1]  Goulding Booth consistently uses the term "speedy trial" when discussing the right in question, but it is clear throughout proceedings below and in the briefing for this PRP that he is referring to the 60-day time for trial limit set out in CrR 3.3(b).

the court to schedule the case for trial. The trial court set June 27 as the date for trial to begin, with a pretrial management hearing set for June 8.

At the pretrial management hearing on June 8, Goulding Booth again tried to raise his time for trial claim related to the competency evaluation, but the trial court refused to hear the motion because Goulding Booth was not self-represented and his appointed attorney was not present at the hearing (Goulding Booth was represented at the hearing by another attorney from the office of public defense).

On June 20, at the pretrial readiness hearing, Goulding Booth challenged his attorney's ability to seek a competency evaluation because Goulding Booth did not give his consent, and he orally moved to dismiss the charges based on the violation of his time for trial rights. The trial court denied the motion to dismiss. When the trial court asked whether Goulding Booth wanted a new attorney, Goulding Booth clarified that he was "not requesting anything in regards to [his] attorney" but simply objecting to counsel's decision to request a competency evaluation without his approval. Verbatim Rep. of Proc. (VRP) at 48. The trial court then set the case for trial on June 28.

B.    TRIAL, VERDICT, AND SENTENCING

Throughout his trial, Goulding Booth repeatedly protested and sought to have the charges dismissed because he believed that the period during which he was awaiting a competency evaluation counted towards the time for trial calculation. In response, the State informed the court that Goulding Booth cooperated with the competency evaluation and never asked to proceed as a self-represented litigant. In denying Goulding Booth's request for dismissal of the charges, the trial court explained to Goulding Booth that the competency proceedings tolled the time for trial

3

clock, and while Goulding Booth's attorney probably should have discussed "the implications of that" with him, "[i]f your attorney at that time felt that you weren't competent, she may not have had that conversation with you because she may not have felt that you understood or could understand." VRP at 219.

At trial, witnesses testified consistent with the facts described above, and Goulding Booth admitted on the stand that he called the victim three times and knew that he was violating a no contact order when he did so.

After the close of evidence, Goulding Booth orally sought reconsideration of the trial court's denial of his motion for dismissal of the charges. The trial court denied the motion, reiterating that competency evaluation proceedings were excluded from the time for trial period. When Goulding Booth continued to protest, the trial court explained that even if Goulding Booth had objected to counsel's competency concerns, those proceedings would have continued because any party, including the trial court, can raise competency concerns about a criminal defendant. RCW 10.77.400(1)(b)(i). [2]

The jury convicted Goulding Booth of all three counts and entered special verdicts finding that he and the victim were household or family members. The trial court imposed a standard range sentence of 60 months in custody.

Goulding Booth filed a timely CrR 7.8 motion, which the trial court transferred to this court for consideration as a PRP pursuant to CrR 7.8(c)(2) after finding that Goulding Booth failed to make a substantial showing that he was entitled to relief.

---

[2] After Goulding Booth's trial, former RCW 10.77.060 was recodified as RCW 10.77.400. *See* LAWS OF 2025, ch. 358, § 2. Because the relevant language allowing any party including the court to request a competency evaluation has not changed, we cite to the current version of the statute.

ANALYSIS

Goulding Booth argues that his CrR 3.3(b) time for trial right was violated because defense counsel's request for a competency evaluation without Goulding Booth's consent delayed the trial and extended the time for trial period.[3] Goulding Booth insists that the trial court should have directly confirmed with him that the competency evaluation would toll the time for trial clock before the trial court ordered a competency evaluation. Goulding Booth asserts that the failure to inform him that the competency evaluation proceedings would toll the time for trial clock violated his due process rights. He therefore contends that the charges against him should have been dismissed once 60 days had elapsed since his arraignment.

The State responds that, under RCW 10.77.400(1)(b)(i), any party or the trial court can raise doubts about competency, which can lead to a competency evaluation, during which time the time for trial clock is tolled. The State contends that there is no authority requiring a defendant to be consulted before defense counsel raises concerns about their client's competency. We agree with the State.

A.      LEGAL PRINCIPLES

To receive relief through a timely PRP, a petitioner "must show either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that 'constitute[es] a

---

[3] Goulding Booth cites to the "6th Amendment Right to Speedy Trial," but provides no argument with regard to the constitutional right to speedy trial, and his arguments only discuss the time for trial rule encompassed in CrR 3.3. PRP at 7*; RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (courts will not consider claims raised in passing or without argument).

*We note that the PRP does not contain page numbers. We number the pages of the PRP 1-17 starting with the first page of the PRP.

fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 811, 792 P.2d 506 (1990)). Goulding Booth argues both that his nonconstitutional right to a trial within 60 days of arraignment under CrR 3.3(b) was violated by the delay while his competency was evaluated, and that his constitutional due process rights were violated when counsel requested and the court ordered a competency evaluation without explaining to Goulding Booth that the time for trial would be tolled until he was determined competent.

Generally, a "defendant who is detained in jail shall be brought to trial within . . . 60 days after the commencement date." CrR 3.3(b)(1)(i). The time for trial usually commences running at arraignment, but will be reset by certain events, including a change of attorneys. CrR 3.3(c)(1), (c)(2)(vii). Additionally, certain time "periods shall be excluded in computing the time for trial," including "[a]ll proceedings relating to the competency of a defendant to stand trial on the pending charge." CrR 3.3(e)(1). The time for trial calculation stops "beginning on the date when the competency examination is ordered and terminating when the court enters a written order finding the defendant to be competent." CrR 3.3(e)(1).

The procedure for initiating competency proceedings is as follows. "Whenever there is a doubt as to competency, *the court on its own motion or on the motion of any party* shall first review the allegations of incompetency." RCW 10.77.400(1)(b)(i) (emphasis added). "If a genuine doubt as to competency exists, the court shall . . . designate a qualified expert or professional person . . . to evaluate and report upon the mental condition of the defendant." RCW 10.77.400(1)(b)(i).

B.    ANALYSIS

CrR 3.3(e)(1) clearly excludes from the time for trial period the time between when a court orders a competency evaluation and when the court finds the defendant competent to stand trial. And the State is correct that under the relevant statute, *any* party in a proceeding, as well as the trial court sua sponte, can raise concerns about a defendant's competency. RCW 10.77.400(1)(b)(i). Also, nothing in the statute requires the trial court to discuss the request for a competency evaluation with the defendant or to inform the defendant that competency proceedings are excluded from the time for trial period.

Goulding Booth insists that a defendant must consent to waive their time for trial rights in order to toll the time for trial clock. Specifically, Goulding Booth asserts that "[e]verything" in CrR 3.3(b) and (e) and chapter 10.77 RCW is dependent on the disclosure to a defendant of which rights are being affected by competency proceedings. Reply Br. of Pet'r at 4 (underlining omitted). Aside from vague references to constitutional due process rights, he does not cite any authority to support this claim. To the contrary, federal and Washington law strictly prohibit allowing an incompetent defendant to stand trial. S*ee State v. Phan*, 25 Wn. App. 2d 185, 201, 522 P.3d 105 (2022) ("A 'mentally incompetent defendant, though physically present in the courtroom, is in reality afforded no opportunity to defend himself' and, accordingly, cannot be forced to undergo trial." (internal quotation marks omitted) (quoting *Drope v. Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975))), *review denied*, 1 Wn.2d 1010 (2023). Further, there are many reasons why defense counsel may be in a better position than the defendant to suspect that the defendant is not competent to stand trial. Indeed, even the prosecutor or the trial court alone could initiate competency proceedings, which certainly would not require the defendant's consent

beforehand. And while it would be a best practice for defense counsel to discuss the implications of a request for a competency evaluation with their client, no case law, statute, or court rule requires the defendant's consent.

In sum, Goulding Booth fails to show a constitutional error or fundamental defect arising from defense counsel's request for a competency evaluation without Goulding Booth's consent or from the tolling of the time for trial period while Goulding Booth's competency was being evaluated. *Swagerty*, 186 Wn.2d at 807. Thus, we deny Goulding Booth's petition.

CONCLUSION

We deny Goulding Booth's personal restraint petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Che, J.