**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.



This opinion was filed for record
at 8:00AM    on Aug. 21, 2014

Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 89502-3 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | En Banc |
| JOSEPH A. PELTIER, | ) | |
| | ) | |
| Respondent. | ) | Filed _____ AUG 2 1 2014 _____ |
| | ) | |
| _____ | ) | |

FAIRHURST, J.—This case is about whether a defendant can relinquish the rights conferred by the statute of limitations in a pretrial agreement. We hold that a defendant may expressly waive the criminal statute of limitations in a pretrial agreement when the statute of limitations on the underlying charge has not yet run at the time the defendant enters the agreement. We reverse.

## I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The State charged Joseph A. Peltier on September 6, 2002 with two counts of second degree rape (as to B.M. and S.B.), one count of second degree child molestation (as to S.G.), and one count of second degree rape of a child (as to S.G.).

The crimes occurred between 1993 and 2001. On July 14, 2003, to accommodate a negotiated settlement of his case, Peltier agreed to a stipulated trial on an amended information charging him with third degree rape (as to B.M. and J.D., a victim not referenced in the original information) and indecent liberties (as to S.B.). The charges as to S.G. were dismissed. On January 28, 2004, the trial judge found Peltier guilty and sentenced him. The statute of limitations on the four original charges had not yet run, but the statute of limitations for the charges he was convicted of had expired by January 1998, well before he was charged with and sentenced for them.

The agreement upon stipulation that was part of the stipulated trial agreement did not specifically mention the statute of limitations with regard to the charged crimes, but it did contain the following provisions:

> 6. AGREEMENT NOT TO CHALLENGE CONVICTION: The defendant *agrees not to challenge the conviction for this crime*, whether by moving to withdraw the stipulation, appealing the conviction, *filing a personal restraint petition*, or in any other way. . . .
> 7. NON-COMPLIANCE WITH AGREEMENT: If the defendant fails to appear for sentencing, or if prior to sentencing the defendant commits any new offense or violates any condition of release, the State may recommend a more severe sentence.
>
> If the defendant violates any other provision of this agreement, the State may either recommend a more severe sentence, file additional or greater charges, or *re-file charges that were dismissed. The defendant waives any objection to* the filing of additional or greater charges based on pre-charging or pre-trial delay, *statutes of limitations*, mandatory joinder requirements, or double jeopardy.

Clerk's Papers at 117 (emphasis added).

2

By August 30, 2008, the statute of limitations for all of the charges in the original information had expired. In 2011, toward the end of Peltier's sentence, the State filed a sexually violent predator (SVP) petition pursuant to chapter 71.09 RCW. After a trial the SVP petition was granted. Peltier then filed a personal restraint petition (PRP) challenging the constitutionality of his original conviction. The State did not dispute this PRP, and the Court of Appeals, Division One, ruled that the original judgment and sentence for third degree rape and indecent liberties was invalid on its face since both charges in the amended information were filed beyond the statute of limitations. This PRP was granted, and the Court of Appeals ordered the charges to be vacated and dismissed.

On the same day these charges were dismissed, the State filed the second amended information charging Peltier with some of the more serious charges from the original information. The second amended information charges were rape in the second degree (as to S.B.), rape of a child in the second degree (as to S.G.), child molestation in the second degree (as to S.G.), and rape in the second degree (as to J.D.).[1]

Peltier moved to dismiss this second amended information since the statute of limitations had now run. The State argued that Peltier waived his right to object to

---

[1]Since the acts against J.D. were not charged in the original information, the State recognizes this charge is improper and does not pursue its validity on appeal.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

the statute of limitations in the agreement upon stipulation, so the State had the right to refile the charges. The trial court, relying on case law describing the statute of limitations as jurisdictional, granted the motion to dismiss. The State appealed.

The Court of Appeals, Division One, held that a criminal statute of limitations is not jurisdictional, but rather determine the court's statutory authority to hear a case. *State v. Peltier*, 176 Wn. App. 732, 737, 309 P.3d 506 (2013). The Court of Appeals held that since the statute of limitations had run, the trial court no longer had the authority to sentence the defendant, and so it affirmed the trial court on these different grounds. *Id.* The State sought review, which we granted. *State v. Peltier*, 179 Wn.2d 1014, 318 P.3d 279 (2014).

## II. ISSUE PRESENTED

How do we characterize a criminal statute of limitations, and can a criminal defendant waive the statute of limitations?

## III. ANALYSIS

We review de novo a trial court's decision on a question of the court's subject matter jurisdiction and on questions of law. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003); *Robb v. City of Seattle*, 176 Wn.2d 427, 433, 295 P.3d 212 (2013).

The question of whether a defendant can waive a criminal statute of limitations is a question of first impression for this court. Traditionally, whether a

criminal statute of limitations can be waived depends on the characterization of these statutes. A guilty plea waives all defenses other than the failure of the information to charge an offense. *In re Habeas Corpus of Garrison*, 75 Wn.2d 98, 101, 449 P.2d 92 (1968). But, a guilty plea "'does not preclude an appeal where collateral questions, such as the validity of the statute, the sufficiency of the information, the jurisdiction of the court, or the circumstances under which the plea was made, are raised.'" *State v. Phelps*, 113 Wn. App. 347, 352, 57 P.3d 624 (2002) (quoting *State ex rel. Fisher v. Bowman*, 57 Wn.2d 535, 536, 358 P.2d 316 (1961)). If a statute of limitations is jurisdictional, it is not subject to waiver. One cannot consent to a court having or not having subject matter jurisdiction.

Washington case law from the Court of Appeals specifically says that a criminal statute of limitations is jurisdictional. This holding first appears in *State v. Glover*, 25 Wn. App. 58, 61, 604 P.2d 1015 (1979). Relying on only out of state authority, the *Glover* court said, "Unlike the situation in civil cases, a criminal statute of limitation is not merely a limitation upon the remedy, but is a 'limitation upon the power of the sovereign to act against the accused.' It is jurisdictional." *Id.* (citation omitted) (quoting *State v. Fogel*, 16 Ariz. App. 246, 248, 492 P.2d 742, 744 (1972)). Two years later in *State v. Eppens*, Division Two reaffirmed *Glover*, saying, "We note first that a statute of limitations is viewed differently in the criminal than in the civil context. In the civil law, such a statute provides repose and a limitation on

remedies; in the criminal law, such statutes create an absolute bar to prosecution." 30 Wn. App. 119, 124, 633 P.2d 92 (1981) (citing *Glover*, 25 Wn. App. at 61).

These phrases from *Glover* and *Eppens* have been repeated throughout subsequent cases. *State v. Ansell*, 36 Wn. App. 492, 496, 675 P.2d 614 (1984) ("The statute of limitation is jurisdictional."); *State v. Fischer*, 40 Wn. App. 506, 510, 699 P.2d 249 (1985) ("[A] criminal statute of limitation is jurisdictional."); *State v. Bryce*, 41 Wn. App. 802, 807, 707 P.2d 694 (1985) ("We reasoned that because a criminal statute of limitation is jurisdictional, an information which charges a crime beyond the statute of limitations is void on its face, and therefore, there is nothing to which an amendment can relate back."); *State v. Novotny*, 76 Wn. App. 343, 345 n.1, 884 P.2d 1336 (1994) ("Because the criminal statute of limitations is jurisdictional and creates an absolute bar to prosecution, Novotny correctly argues that he may raise the challenge for the first time on appeal." (citation omitted)); *State v. N.S.*, 98 Wn. App. 910, 914-15, 991 P.2d 133 (2000) ("A criminal statute of limitations presents a jurisdictional bar to prosecution. It is not merely a limitation upon the remedy, but a 'limitation upon the power of the sovereign to act against the accused.'" (footnote omitted) (quoting *Glover*, 25 Wn. App. at 61)); *Phelps*, 113 Wn. App. at 357; *State v. Walker*, 153 Wn. App. 701, 705, 224 P.3d 814 (2009) ("The statute of limitations in a criminal case is jurisdictional.").

But despite the use of the term, a criminal statute of limitations does not affect a court's subject matter jurisdiction. In *In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000), we emphasized the difference between a tribunal's lack of subject matter jurisdiction and its lack of authority. There, a defendant pleaded guilty to two charges of indecent liberties and was sentenced. *Id.* at 347. He then challenged his convictions in a PRP, taking issue with the fact that the statute of limitations had run on the offenses with which he was charged. In discussing whether the defendant was entitled to relief from his convictions, the court said:

> A court does not lack subject matter jurisdiction solely because it may lack authority to enter a given order. *Marley v. [Dep't] of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994). A court has subject matter jurisdiction where the court has the authority to adjudicate the *type of controversy* in the action, and it does not lose subject matter jurisdiction merely by interpreting the law erroneously. *State v. Moen*, 129 Wn.2d 535, 545, 919 P.2d 69 (1996).

*Id.* at 353. Our constitution gives original jurisdiction to the superior court in all criminal cases amounting to a felony. WASH. CONST. art. IV, § 6. A statute of limitations does not take away that fundamental right of the superior courts to hear that type of controversy; it only limits the time in which the court can exercise that authority. *Peltier*, 176 Wn. App. at 744-45.

In *Stoudmire*, the statute of limitations had run on the underlying charges by the time Jerrod Stoudmire was sentenced. Because of this, the court held that the

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

charges were beyond the statutory authority of the court. *Stoudmire*, 141 Wn.2d at 355. The court said, "'[A] plea bargaining agreement cannot exceed the statutory authority given to the courts.'" *Id.* (alteration in original) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Moore*, 116 Wn.2d 30, 38, 803 P.2d 300 (1991)). "Because the statute of limitations bars prosecution of charges commenced after the period prescribed in the statute, the sentencing court exceeded its authority." *Id.* The expiration of a criminal statute of limitations does not deprive a court of subject matter jurisdiction; its expiration deprives a court of *authority* to enter judgment. Since the court had no authority to sentence, Stoudmire could not consent to be charged or waive any objection to the untimely charging. *Id.* But this case is distinguishable from *Stoudmire*. Here, the statute of limitations had not run on the underlying charges at the time Peltier entered the stipulated agreement, meaning the court still had the authority to sentence him.

When a statute of limitations has not run and the court still has authority to sentence on charges if convicted, a defendant may waive the statute of limitations if he or she so chooses. This waiver must be express. Generally, criminal defendants can waive rights that exist for their own benefit, and this is no different. *Cowan v. Superior Court*, 14 Cal. 4th 367, 926 P.2d 438, 439, 58 Cal. Rptr. 2d 458 (1996). If it proves more advantageous for a defendant to waive a statute of limitations that has not expired, he or she should be able to do so. *Peltier*, 176 Wn. App. at 738; *State v.*

*N.S.*, 98 Wn. App. at 912-13. This will allow a defendant to plead guilty to lesser charges instead of standing trial on greater ones and facing a lengthy prison sentence. Accordingly, a defendant may expressly waive any objections to timeliness when the statute of limitations has not yet run on the underlying charges and the court thus still has authority to sentence on the charges if convicted.

Here, the statute of limitations on the four greater charges were all still valid at the time Peltier entered the stipulated agreement in exchange for being charged with the two lesser crimes. In the agreement upon stipulation he expressly waived his right to object to the expiration of the statute of limitations if his subsequent challenge of the agreement led to the refiling of the original charges. Peltier challenged the agreement, and the State refiled the original charges. Even though the statute of limitations has run on the refiled charges, the stipulation upon agreement was executed when the court still had the authority to sentence and so the waiver therein is valid. Peltier is precluded from objecting to the refiling of the original charges based on untimeliness.

## IV.   CONCLUSION

A statute of limitations does not affect a court's subject matter jurisdiction; it affects the authority of a court to sentence a defendant for a crime. A defendant may expressly waive a criminal statute of limitations when he or she agrees to do so when the statute of limitations has not yet run on the underlying charges. At that time, the

court has authority over the charges so an express waiver is effective and will be upheld. Peltier waived the statute of limitations when the charges were still valid. We reverse the Court of Appeals and the trial court and hold that the State may refile the original charges.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Fairhurst, J.

WE CONCUR:

Madsen, C.J.

Wiggins, J.

González, J.

Owens, J.

Gordon McCloud, J.

Stephens, J.

Kulik, J.P.T.