FILED
COURT OF APPEALS
DIVISION II

2015 JAN 21 AM 9: 06

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of | No. 45862-4-II |
| JERRY LEE SWAGERTY, | |
| Petitioner. | UNPUBLISHED OPINION |

MELNICK, J. — Jerry L. Swagerty seeks relief from personal restraint imposed after he pleaded guilty by amended information to rape of a child in the third degree, luring, burglary in the second degree, and intimidating a witness. In his initial petition, Swagerty argued that he was entitled to relief because (1) his sentence is erroneous, (2) he received ineffective assistance of counsel, (3) the prosecuting attorney committed misconduct, and (4) judicial prejudice occurred. We requested additional briefing that addressed the statutes of limitations governing the amended charges. We find this issue dispositive and vacate and remand for dismissal of the convictions. For this incident, the State may refile charges for which the statute of limitations has not run.

No. 45862-4-II

## FACTS

On May 22, 2012, Swagerty was charged with rape of a child in the first degree and child molestation in the first degree based on acts that occurred on or about February 14, 2004. Deoxyribonucleic acid (DNA) testing of the victim's underwear on April 11, 2012 established that Swagerty had contact with her in 2004, when she was 10 years old. Because a conviction for rape of a child in the first degree would be his third strike offense, Swagerty agreed to plead guilty on January 4, 2013 to the amended charges of rape of a child in the third degree, luring, burglary in the second degree, and intimidating a witness.[1] This plea allowed him to avoid a possible life sentence as a persistent offender. Swagerty stipulated to offender scores of 9+ for his offenses and to an exceptional sentence of 30 years that ran his individual sentences consecutively. He then filed this timely petition challenging his convictions.

## ANALYSIS

To be entitled to relief, a petitioner must show constitutional error that resulted in actual and substantial prejudice or nonconstitutional error that resulted in a complete miscarriage of justice. *In re Cook*, 114 Wn.2d 802, 810-13, 792 P.2d 506 (1990). The possibility that Swagerty was charged after the statutes of limitations for his offenses expired implicates the complete miscarriage of justice standard. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 355, 5 P.3d

---

[1] Swagerty's prior Washington convictions for robbery in the second degree (two counts) and an Oregon conviction for burglary in the first degree are also strike offenses. RCW 9.94A.030(32)(a), (37)(a).

1240 (2000). This is because the expiration of the statute of limitations deprives a trial court of authority to permit prosecution or enter judgment on the time-barred offense. *Stoudmire,* 141 Wn.2d at 355.

In its supplemental response to this petition, the State concedes that the three-year statute of limitations applicable to the amended charges of luring, burglary in the second degree, and intimidating a witness expired before the filing of the amended information in 2013. *See* RCW 9A.04.080(1)(h). The State argues, however, that the statute of limitations has not yet run on the amended charge of rape of a child in the third degree.

When Swagerty allegedly committed his offenses in 2004, the three-year statute of limitations applied to rape of a child in the third degree. Former RCW 9A.04.080(1)(h) (1998). A 2006 amendment postponed the running of the limitations period for sex offenses, including rape of a child in the third degree, until one year from the date of the suspect's identification by DNA testing. LAWS OF 2006, ch. 132, § 1; *see* former RCW 9.94A.030(38) (2002) (rape of a child in the third degree included in definition of sex offense). In 2009, the limitations period for child rape and other sex offenses was further amended to allow prosecution up to the victim's 28th birthday and, in 2013, the limitations period was extended to the victim's 30th birthday. LAWS OF 2009, ch. 61, § 1; LAWS OF 2013, ch. 17, § 1.

A new limitations period applies to an offense if the prior period has not yet expired. *State v. Hodgson,* 108 Wn.2d 662, 666-67, 740 P.2d 848 (1987); *State v. Sutherland,* 104 Wn. App. 122,

134, 15 P.3d 1051 (2001). Because the initial three-year statute of limitations that applied to rape of a child in the third degree had not expired when the statute was amended in 2006, this and the subsequent extensions of the limitations period apply to the charge facing Swagerty. Consequently, the amended charge of rape of a child in the third degree was not barred by the statute of limitations when the State filed it in 2013.

Although the remaining amended charges were time barred, we reject Swagerty's claim that he is entitled to be resentenced for rape of a child in the third degree alone. We agree with the State that his plea was an indivisible "package deal." *See State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003) (plea agreement is indivisible when pleas to multiple counts were made at the same time, described in one document, and accepted in a single proceeding).

The State contends that on remand, Swagerty may still plead guilty to the amended charges as long as he agrees to waive the three-year statute of limitations that applies to all but the child rape charge. The Supreme Court recently explained, however, that a defendant may expressly waive a criminal statute of limitations only if he agrees to do so before the statute of limitations has run on the underlying charge. *State v. Peltier*, 181 Wn.2d 290, 298, 332 P.3d 457 (2014). Because the statute of limitations has expired on three of the charges to which Swagerty pleaded guilty, he may not now waive that limitations period.

No. 45862-4-II

Accordingly, we must vacate Swagerty's convictions and remand for entry of an order of dismissal. The State may then refile any charges for which the statute of limitations has not yet expired.[2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

JOHANSON, C.J.

SUTTON, J.

---

[2] The statute of limitations has not yet run on Swagerty's original charges of rape of a child in the first degree and child molestation in the first degree. When these offenses allegedly occurred in 2004, the applicable limitations period expired three years after the victim's 18th birthday. Former RCW 9A.04.080(1)(c) (1998). As set forth above, the statute of limitations for these offenses as well as the amended charge of rape of a child in the third degree has since been extended.

5