# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　　　Respondent,<br><br>　　v.<br><br>THOMAS LOEL PLEASANT,<br><br>　　　　　　　　　Appellant. | No. 48950-3-II<br>consolidated with<br>No. 49790-5-II<br><br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Thomas Pleasant appeals his conviction and sentence of life confinement without the possibility of early release imposed following his guilty plea in 2016 on first degree robbery and second degree assault charges arising out of a 2008 incident. Pleasant was sentenced as a persistent offender under the Persistent Offender Accountability Act (POAA), RCW 9.94A.570, based on his current convictions, a 1989 first degree robbery conviction, and a 1986 Colorado conviction for second degree assault.

We hold that (1) we will not consider whether the trial court violated due process or CrR 4.1 by not promptly arraigning Pleasant because the record does not show that Pleasant objected at his arraignment; (2) as the State concedes, the trial court lacked authority to enter the second degree assault conviction (but not the first degree robbery conviction) because the amended information was filed after the statute of limitations had run, and on remand Pleasant may choose to expressly waive the statute of limitations and accept the benefit of his plea bargain or have the trial court vacate his convictions and risk being recharged with any charges

for which the statute of limitations has not run; (3) the trial court erred by not determining on the record whether Pleasant's Colorado second degree assault conviction was comparable to a most serious offense in Washington; and (4) the trial court did not violate Pleasant's right to counsel by not appointing appellate counsel for several weeks after he filed his notice of appeal because appellate counsel eventually was appointed.

Accordingly, we remand for Pleasant to decide whether he will waive the statute of limitations and be resentenced consistent with this opinion or have the trial court strike his convictions.

FACTS

On September 9, 2008, the State charged Pleasant with first degree rape and first degree robbery in connection with an attack on an employee at a Subway store in Chehalis. While in custody on charges relating to a similar robbery in Longview, Pleasant confessed to robbing the Subway but denied sexually assaulting the victim.

Lewis County Superior Court issued an arrest warrant for Pleasant regarding the Chehalis incident. However, Pleasant apparently was not arrested or arraigned at that time because he remained in custody in Cowlitz County. In October, Pleasant was convicted in Cowlitz County and sentenced as a persistent offender to life confinement without the possibility of early release and was transferred to prison.

In 2014, Pleasant was still in prison when he filed a motion to quash the Lewis County warrant. He made another request to quash the warrant in September 2015. In December, the trial court granted the State's motion to have Pleasant transferred to Lewis County for a court appearance.

Pleasant made his first appearance in Lewis County Superior Court on February 26, 2016. The State arraigned Pleasant on March 3, at which time he pleaded not guilty. On March 22, the State filed an amended information charging Pleasant with first degree robbery and second degree assault, but not with first degree rape. Pleasant changed his plea to guilty. On the document recording Pleasant's plea, Pleasant initialed a statement waiving his right to a speedy trial.

Pleasant's plea statement stated, "I robbed a Subway employee of cash from the store, at the time I pointed a firearm at her during the robbery." Clerk's Papers at 49.

At the sentencing hearing, Pleasant stipulated to his criminal history. His stipulation included multiple convictions of first degree robbery in Washington as well as a 1986 conviction of second degree assault and a 1987 second degree burglary conviction, both in Colorado. The State presented certified copies of the informations and judgments for Pleasant's prior convictions, including the Colorado convictions. However, the trial court did not conduct any comparability analysis to determine if the Colorado second degree assault conviction was comparable to a most serious offense in Washington or enter any written findings of fact or conclusions of law on the issue of comparability. Instead, the court stated that defense counsel did not dispute that Pleasant's Colorado conviction was comparable to a most serious offense in Washington and that Pleasant qualified as a persistent offender.

The court stated that it would not inquire into Pleasant's ability to pay legal financial obligations (LFOs) because he already was serving a life sentence. Accordingly, the court did not enter an order of indigency. However, the court imposed both mandatory LFOs and discretionary attorney fees.

Pleasant appealed his judgment and sentence. However, because the trial court had not entered an order of indigency, the State initially did not appoint appellate counsel for Pleasant. Pleasant filed a pro se motion for appointment of counsel, which the trial court granted four weeks after his notice of appeal.

Pleasant filed a personal restraint petition (PRP) in addition to his direct appeal.

ANALYSIS

A.    DELAY IN ARRAIGNMENT

Pleasant argues in his PRP that the State violated his right to due process and CrR 4.1 by delaying his arraignment for over seven years after initially charging him in 2008. We decline to consider Pleasant's speedy arraignment claim because he did not raise it in the trial court.

CrR 4.1(a)(1) states that a defendant who is detained in jail in the county where the charges are pending must be arraigned no later than 14 days after the State files the information or indictment in the superior court. However, if the defendant is not in custody in the county where the charges are pending, the defendant must be arraigned no later than 14 days after his or her first appearance after the State files the information or indictment. CrR 4.1(a)(2). In addition, CrR 4.1(b) expressly states that a defendant must object to a speedy arraignment violation at the arraignment, and that a defendant who fails to object as required shall lose the right to object.

Here, Pleasant has not included the report of proceedings from the arraignment hearing. Therefore, there is no record of whether he objected as required on the basis that the arraignment was untimely. And there is no indication in the subsequent record that Pleasant ever objected to the timeliness of the arraignment. We decline to consider this argument.

We also reject Pleasant's due process claim. A delay in prosecution generally does not implicate due process unless the defendant can show that the delay has caused actual prejudice. *State v. McConville*, 122 Wn. App. 640, 645-46, 94 P.3d 401 (2004); *see also State v. Chavez*, 111 Wn.2d 548, 558, 761 P.2d 607 (1998). Pleasant does not argue that the State's delay in prosecution prejudiced his defense.

Accordingly, we reject Pleasant's CrR 4.1 and due process claims.

B.    STATUTE OF LIMITATIONS

Pleasant argues in both his appeal and his PRP that the trial court did not have authority to enter his convictions for first degree robbery and second degree assault because the statute of limitations had run when the 2016 amended information was filed. The State disagrees that the statute of limitations had run on the first degree robbery charge but concedes that the statute of limitations had run on the second degree assault charge. We hold that the statute of limitations had not run on the first degree robbery charge but had run on the second degree assault charge when the amended information was filed. Therefore, the trial court did not have authority to enter the second degree assault conviction.

1.    Legal Principles

Former RCW 9A.04.080 (2006) establishes the time limits for the State to commence criminal prosecutions for different classes of criminal offenses. Former RCW 9A.04.080(1)(h) states that any felony not otherwise listed in the statute cannot be prosecuted more than three years after the commission of the crime. First degree robbery, a class A felony under RCW 9A.56.200(2), is not specifically listed in former RCW 9A.04.080. Second degree assault, a class B felony under RCW 9A.36.021(2)(a), also is not specifically listed in former RCW 9A.04.080. Therefore, the statute of limitations for the State to commence a prosecution of both

first degree robbery and second degree assault is three years.  The State commences prosecution by filing the charges in the information.  *See State v. Warren*, 127 Wn. App. 893, 896, 112 P.3d 1284 (2005).

The effect of the statute of limitations in former RCW 9A.04.080 is to limit the trial court's authority to enter a judgment against a criminal defendant if the State did not commence the prosecution before the statute of limitations expired.  *See State v. Peltier*, 181 Wn.2d 290, 295-97, 332 P.3d 457 (2014).  We review de novo whether the trial court entered a judgment and sentence in violation of former RCW 9A.04.080.  *Peltier*, 181 Wn.2d at 294.

The State may amend the original charges after the statute of limitations period has run because an amendment generally relates back to the original complaint.  *Id.*  However, the State cannot use an amendment to broaden or substantially amend the charges after the statute of limitations period has run.  *Id.*; *see also State v. Eppens*, 30 Wn. App. 119, 124-25, 633 P.2d 92 (1981) (holding that the amended charges could not relate back to the original charge if they could increase the minimum sentence or the stigma associated with each charge,).

A defendant "may expressly waive an expired statute of limitations during plea negotiations to receive the benefit of a better sentence on a different charge." *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 815, 383 P.3d 454 (2016).  However, the waiver must be knowing and express.  *Id.* at 810.

2.   Analysis

Here, in 2008 the State's original information charged Pleasant with first degree rape and first degree robbery.  In 2016, the State filed an amended information charging Pleasant with first degree robbery and second degree assault.  Pleasant pleaded guilty to the amended charges

and signed a plea statement. However, the plea statement did not include an express waiver of the statute of limitations and there was no discussion of the statute of limitations on the record.

Because the State filed the original information charging Pleasant with first degree robbery within the statute of limitations, the amended information did not violate the statute of limitations for that charge. The fact that the State amended some of the specific charging language is immaterial because Pleasant was on notice that he was being charged with first degree robbery. *State v. Kiliona-Garramone*, 166 Wn. App. 16, 26, 267 P.3d 426 (2011).

However, the original information did not include a second degree assault charge. That charge was added for the first time in the amended information. Second degree assault is a separate crime and punishes a different criminal offense than first degree rape. An amended information that includes a different offense after the statute of limitations has run does not relate back to the original charges if it includes broader conduct than the original charges. *See In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 728-29, 10 P.3d 380 (2000).

The State concedes that the statute of limitations had run on the second degree assault charge. Therefore, we hold that the second degree assault charge violates the statute of limitations and the trial court did not have authority to enter a conviction for that charge.

3.   Remedy

If a trial court lacks authority to enter a conviction, that conviction must be vacated. *See Swagerty*, 186 Wn.2d at 810. However, a plea agreement generally is indivisible absent objective evidence of a contrary intent in the agreement. *Id.* at 812. Therefore, if one conviction is vacated, the entire plea agreement is invalid. *See id.* The remedy for an invalid plea agreement allows both parties to "start over" and returns the parties to the same position they

were in before they entered into the plea agreement. *Id.* at 811. Therefore, on remand, the State will be able to file any charges for which the statute of limitations has not run. *Id.* at 815.

The court in *Swagerty* recognized that this remedy potentially puts a defendant in a worse position because the State may be able to refile the original, more serious charges against the defendant. *Id.* at 807.

In *Swagerty*, the defendant was not identified until eight years after the offense. *Id.* at 804. He was charged with first degree rape of a child, and he would have received a life sentence as a persistent offender if convicted. *Id.* at 805. The defendant pleaded guilty to four lesser offenses in order to avoid being sentenced as a persistent offender. *Id.* However, the statute of limitations had run on three of the amended charges and the defendant did not explicitly waive the statute of limitations. *Id.* The court held that because the defendant had not expressly waived the statute of limitations the trial court exceeded its authority by entering a judgment on the three charges for which the statute of limitations had expired. *Id.* at 810.

The court stated that because the defendant had not been appointed counsel on appeal, he may not have been aware of the consequences of his argument. *Id.* at 810-11. Accordingly, the court held that he had two available remedies: he could either knowingly waive the statute of limitations and accept the benefit of the plea agreement or insist on the vacation of his convictions and risk recharging and a possible life sentence. *Id.* at 811. The court explicitly rejected the defendant's request to strike the charges for which the statute of limitations had expired and remand for resentencing on only one charge. *Id.* at 812. The court stated that this proposed remedy was not appropriate because the defendant had pleaded to all four charges together and plea agreements must be treated as indivisible unless otherwise stated. *Id.* Accordingly, the court remanded for the defendant to select his preferred remedy. *Id.* at 810.

Here, Pleasant argues in his pro se brief that the charge of second degree assault violated the statute of limitations. Although he had appointed counsel on appeal, appellate counsel did not assert a statute of limitations argument. Therefore, Pleasant is in a similar position to the defendant in *Swagerty*. He may not have been aware of the consequences of his argument: that the State could refile the first degree rape charge if the statute of limitations had not run on that charge.

Pleasant did not expressly waive the statute of limitations for the second degree assault charge. Therefore, we remand for Pleasant to decide whether to expressly waive the statute of limitations and accept the benefit of his plea agreement or have the trial court vacate both his second degree assault and first degree robbery convictions. However, if Pleasant opts for the court to vacate his convictions, the State will be able to refile any charges, including first degree rape, for which the statute of limitations has not run.

C.      COMPARABILITY OF COLORADO OFFENSE

Because Pleasant on remand may decide to expressly waive the statute of limitations and accept the benefit of his plea agreement, we must address his sentencing claim. Pleasant argues, and the State concedes, that the trial court erred by not conducting a comparability analysis before ruling that his Colorado conviction was a strike offense under the POAA. Pleasant argues that because the trial court did not conduct a comparability analysis, it did not have authority to sentence him as a persistent offender under the POAA. We agree.[1]

RCW 9.94A.570 states that anyone convicted as a persistent offender shall be sentenced to a term of total confinement for life without the possibility of release. Ordinarily, we review de

---

[1] Defense counsel conceded in the trial court that the Colorado conviction was a strike offense. However, the State does not argue that we not consider this issue for that reason.

9

novo a trial court's determination of whether a defendant's prior convictions can be classified as a strike offenses under the POAA. *State v. Latham*, 183 Wn. App. 390, 396-97, 335 P.3d 960 (2014). For an out-of-state offense to be classified as a prior conviction for purposes of the POAA, that offense must be comparable to a most serious offense in Washington. *Id.* at 397.

However, where the trial court fails to consider the comparability of out-of-state convictions to most serious offenses in Washington, we must remand for resentencing with a comparability analysis on the record. *State v. Labarbera*, 128 Wn. App. 343, 350, 115 P.3d 1038 (2005).

Here, the State presented certified copies of Pleasant's judgment and sentences from Colorado. However, the trial court did not consider on the record whether Pleasant's Colorado conviction of second degree assault was legally or factually comparable to a most serious offense in Washington, and the trial court did make an express ruling on comparability.

We hold that trial court erred by not determining whether Pleasant's Colorado second degree assault conviction was comparable to a most serious offense in Washington. Therefore, if on remand Pleasant chooses to expressly waive the statute of limitations and accept the benefit of his plea agreement, he must be resentenced.

D.     APPOINTMENT OF APPELLATE COUNSEL

Pleasant argues in his PRP that the trial court violated his right to counsel when it did not initially appoint counsel for his appeal. However, Pleasant does not argue that the trial court's delay in appointing appellate counsel prejudiced his appeal. We reject Pleasant's claim.

Article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution guarantee a criminal defendant the right to assistance of counsel at critical stages in the prosecution. *State v. Howard*, 1 Wn. App. 2d 420, 424, 405 P.3d 1039

(2017). A "critical stage" is when " 'a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected.' " *State v. McCarthy*, 178 Wn. App. 90, 101, 312 P.3d 1027 (2013) (quoting *State v. Heddrick*, 166 Wn.2d 898, 910, 215 P.3d 201 (2009)). An appeal by right is a critical stage of the proceedings for purposes of the defendant's right to counsel. *State v. Devlin*, 164 Wn. App. 516, 525, 267 P.3d 369 (2011).

Here, Lewis County Superior Court did not initially appoint appellate counsel when Pleasant filed his notice of appeal because the trial court did not file an order of indigency. However, the court ultimately appointed appellate counsel for Pleasant after the court entered an order of indigency and Pleasant filed a motion for appointment of counsel.

Pleasant does not argue how the delay in appointing his appellate counsel prejudiced his appeal. The complete denial of counsel can be presumptively prejudicial. *Heddrick*, 166 Wn.2d at 910. But Pleasant was appointed counsel about four weeks after he filed the notice of appeal.

Accordingly, we reject Pleasant's claim that the trial court violated his right to counsel.

E.     ADDITIONAL CLAIMS

Pleasant raises several arguments regarding his conviction. First, he argues in his PRP that the State violated his right to due process by withholding evidence and failing to disclose that some of the State's evidence had been destroyed. He claims that as a result, this court must vacate his convictions.

Second, Pleasant argues that defense counsel provided ineffective assistance by failing to (1) investigate the charges and challenge the State's evidence, (2) engage in plea bargaining, (3) challenge the comparability of his Colorado conviction, and (4) recognize that the statute of limitations had run on his convictions. Pleasant apparently claims that he would not have

11

pleaded guilty and that he would not have been sentenced as a persistent offender but for the ineffective assistance.

Third, Pleasant argues that the trial court committed several errors at the sentencing hearing: (1) relying on the victim impact statement as fact, (2) failing to conduct an individualized inquiry into his ability to pay before imposing LFOs, and (3) incorrectly recording the dates of his prior offenses on his judgment and sentence.

We do not consider these claims because on remand Pleasant either will affirm his guilty plea and be resentenced or his convictions will be vacated.

CONCLUSION

We remand for Pleasant to decide whether he will expressly waive the statute of limitations and be resentenced consistent with this opinion or have the trial court strike his convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
JOHANSON, J.

_____
LEE, J.

12