# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51354-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ANDRE JONES TAYLOR, | |
| Appellant. | |

GLASGOW, J. — Andre Jones Taylor was convicted of one count of first degree rape, one count of second degree rape, and one count of first degree robbery. Taylor appeals his first degree robbery conviction, his sentence, and the sentencing court's imposition of several legal financial obligations. The State concedes that the court did not have authority to sentence Taylor for robbery because he was charged outside the statute of limitations period. The State also concedes that the criminal filing fee, DNA collection fee, and interest provision should be stricken. We reverse Taylor's robbery conviction, and remand for the trial court to dismiss the robbery conviction and for resentencing.

## FACTS

In 2003 Taylor raped two women and robbed one of the women immediately following the attack. Samples of DNA evidence were collected at the time of the attacks, but they were not

tested for over 10 years. In 2014, after the samples were tested, Taylor was charged with first degree rape, second degree rape, and first degree robbery.

On January 12, 2018, Taylor was convicted after a bench trial of one count of first degree rape, one count of second degree rape, and one count of first degree robbery. Prior to these convictions Taylor already had an offender score of well over 9 points. The range for his minimum sentence for the first degree rape was from 240 to 318 months with a maximum of life. The range for his minimum sentence for the second degree rape was from 210 to 280 months with a maximum of life. The standard range for the robbery was from 129 to 171 months. The court imposed the maximum amount allowed for each conviction and ruled that the sentences would run concurrently with each other. The court also imposed a criminal filing fee, crime victim assessment fee, a DNA collection fee, and interest on Taylor's nonrestitution legal financial obligations. The court entered an order of indigency for Taylor and found that he did not have the present and future ability to pay discretionary legal financial obligations.

Taylor appeals the robbery conviction and the imposition of the legal financial obligations.

ANALYSIS

I. TAYLOR'S CONVICTION FOR FIRST DEGREE ROBBERY

Taylor challenges his conviction of first degree robbery because the statute of limitations had run on that count before he was charged. The State concedes this conviction was barred by the statute of limitations. We accept the State's concession, and reverse Taylor's conviction of first degree robbery.[1]

---

[1] Because we reverse Taylor's conviction for this reason, we do not reach his argument that he received ineffective assistance of counsel related to his counsel's failure to raise a defense based on the statute of limitations.

The statute of limitations for robbery is three years. RCW 9A.04.080(1); RCW 9A.56.200. A sentencing court does not have the authority to sentence for a crime after the statute of limitations has run, unless the defendant has expressly waived the defense. *State v. Peltier*, 181 Wn.2d 290, 298, 332 P.3d 457 (2014).

Here, the robbery occurred in 2003. Taylor was not charged until 2014. The State does not argue that Taylor waived the statute of limitations. And the charge of first degree robbery was filed after the statute of limitations had run. The State concedes the trial court exceeded its authority. We accordingly reverse Taylor's conviction for first degree robbery.

The State argues that resentencing is not necessary because Taylor's offender score would remain unaffected, given his numerous prior convictions. But the State fails to cite to any case where this court has declined to remand for resentencing where one or more of a defendant's convictions has been reversed. The failure to cite to authority or provide meaningful analysis is fatal to this argument and we need not address it further. RAP 10.3; *see also, State v. Reid,* 40 Wn. App. 319, 325, 698 P.2d 588 (1985).

## II. LEGAL FINANCIAL OBLIGATIONS

Taylor challenges the imposition of the criminal filing fee, DNA collection fee, and interest accrual on nonrestitution legal financial obligations. The State concedes that each of these provisions was improper. We accept the State's concession, and remand to strike the criminal filing fee, the DNA collection fee, and the interest provision.

In 2018, the legislature amended former RCW 36.18.020(h) to prohibit the imposition of the criminal filing fee if a defendant is indigent as defined in RCW 10.101.010(3)(a) through (c). LAWS OF 2018, ch. 269, § 17. The legislature also amended former RCW 43.43.7541 (2015) to

authorize the imposition of a DNA collection fee only if the state has not "previously collected the offender's DNA as a result of a prior conviction." LAWS OF 2018, ch. 269, § 18. And former RCW 10.82.090 (2015) was amended to prohibit interest accrual on nonrestitution legal financial obligations as of June 7, 2018. LAWS OF 2018, ch. 269, § 1; *see* RCW 10.82.090. Our Supreme Court has held that the 2018 amendments to the legal financial obligation statutes apply to cases pending on direct review and not final when the amendments were enacted. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

The 2018 amendments apply here because this case was not final when the amendments took effect. *Ramirez*, 191 Wn.2d at 747. The State concedes that the court found Taylor to be indigent and that it had previously collected his DNA. Upon resentencing, the trial court should address the criminal filing fee, DNA collection fee, and interest provision in light of the new law.

Taylor also argues that the trial court improperly used "boilerplate" language in his judgment and sentence indicating that it had concluded he had the ability to pay the financial obligations, where the court had concluded on the record that Taylor had no assets or present or future ability to pay. But the court expressly did not impose discretionary legal financial obligations because it had determined that Taylor was indigent. There was no error in this regard.

## CONCLUSION

We reverse Taylor's robbery conviction, and remand for the trial court to dismiss the robbery conviction and for resentencing. Upon resentencing, the trial court should address the criminal filing fee, the DNA collection fee, and the interest provision in light of the new law.

No. 51354-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, J.

Maxa, C.J.

5