**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54858-5-II |
| Respondent, | |
| v. | |
| MARLON OCTAVIUS LUVELL HOUSE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Marlon House pleaded guilty to one count of second degree assault with sexual motivation after the State amended the information from two counts of first degree child rape. He now appeals, arguing that the court exceeded its authority by accepting the plea and sentencing him because the amended information was filed after the statute of limitations period for second degree assault had expired. He further argues that this court must vacate the conviction and dismiss this case with prejudice. The State concedes that the statute of limitations on the assault charge expired before the charge was filed, but it disagrees on the remedy. Instead, the State asks this court to vacate House's plea and sentence and remand for trial on the original charges.

We agree with the State and accept the State's concession, vacate House's guilty plea and judgment and sentence, and remand for the State to proceed on any charges for which the statute of limitations has not run.

No. 54858-5-II

FACTS

In March 2018, A.C.'s mother reported to the police that Marlon House sexually assaulted her then 14-year-old daughter, A.C., sometime between November 2009 and November 2013. A.C. disclosed that House raped her twice during a weekend she spent at his house when she was in the third grade. At the time of A.C.'s disclosure, House was serving a life sentence for two counts of first degree rape of a child involving two other victims.

As a result of A.C.'s allegations, the State timely charged House with two counts of rape of a child in the first degree on May 15, 2019.[1] Based on a plea agreement, the State filed an amended information charging House with only one count of second degree assault with sexual motivation on January 27, 2020. By that time, the statute of limitations had expired on any second degree assault charge. Former RCW 9A.04.080(1)(i) (2017). House pleaded guilty to the assault charge in exchange for a recommendation for an indeterminate sentence of 57 months to life, and the trial court accepted House's plea.[2] A statute of limitations waiver was not discussed in the plea form or at the plea hearing or sentencing. The trial court imposed an indeterminate sentence of 60 months to life, to run consecutive to his previously imposed life sentence.

House appeals his conviction and sentence.

---

[1] At the time the State charged House, the statute of limitations for first degree child rape did not expire until the victim's thirtieth birthday. Former RCW 9A.04.080(1)(b)(vi)(c); Laws of 2013, ch.17, § 1.

[2] At sentencing on April 24, 2020, the State filed another amended information correcting A.C.'s date of birth but otherwise remained unchanged. House acknowledged that this minor correction did not affect his plea.

2

ANALYSIS

I. THE TRIAL COURT'S AUTHORITY AND DUE PROCESS

A.      *Standard of Review and Legal Principles*

Where the facts are not in dispute, alleged violations of the statute of limitations are questions of law we review de novo. *State v. Peltier*, 181 Wn.2d 290, 294, 332 P.3d 457 (2014); *State v. Merritt*, 193 Wn.2d 70, 77, 434 P.3d 1016 (2019). A charge of second degree assault must be filed within three years after the commission of the crime. Former RCW 9A.04.080(1)(i). A trial court exceeds its authority when it enters a judgment to untimely charges. *In re Matter of Swagerty*, 186 Wn.2d 801, 810, 383 P.3d 454 (2016); *In re Stoudmire*, 141 Wn.2d 342, 355, 5 P.3d 1240 (2000). A defendant may waive a lapsed statute of limitations, but only if that waiver was expressly made. *Peltier*, 181 Wn.2d at 297.[3]

B.      *The Trial Court Did Not Have Authority to Accept House's Plea or Enter the Judgment and Sentence*

House argues that the trial court lacked authority to accept his guilty plea because the State charged him with second degree assault after the statute of limitations had expired. The State concedes this error. We accept the State's concession and hold that the trial court exceeded its authority when it accepted House's plea.

_____

[3] Washington is among the states that have held that the criminal statute of limitations is not jurisdictional. *Peltier*, 181 Wn.2d at 296. Among those states, Washington appears to be unique in requiring that a statute of limitations waiver be expressly made. *Peltier*, 181 Wn.2d at 297. Other state, as well as federal, courts have held that the plea itself is a waiver of the statute of limitations defense. See *e.g. Conerly v. State*, 607 So.2d 1153, 1156-58 (Miss. 1992) (referring to cases from the Second, Third, Fourth, Sixth, Seventh, Tenth, and D.C. Circuit Courts).

The State alleged in the amended informations that House committed second degree assault against A.C. sometime between November 2009 and November 2013. The statute of limitations for second degree assault is three years. Former RCW 9A.04.080(1)(i). The State filed the amended information on January 27, 2020. The charge was filed more than three years after the commission of the crime, which exceeded the statute of limitations. It is undisputed that House did not waive the statute of limitations.

Because the trial court entered a judgment on untimely charges, the judgment and sentence was entered in excess of the court's authority. Consequently, we vacate House's plea and judgment and sentence.

## II. REMEDY

Next, House argues that his remedy is dismissal with prejudice, without allowing the State to refile any charges that may still fall within the statute of limitations. The State argues that although this court should vacate the assault conviction, it should remand for trial on the original charges. We hold that on remand the State may proceed on any charges not barred by the statute of limitations.[4]

If a trial court lacks authority to enter a conviction, the conviction must be vacated. *Swagerty*, 186 Wn.2d at 810. The remedy for an invalid agreement returns the parties to the same position they were in before they entered into the plea bargain. *In re Thompson*, 141 Wn.2d 712, 729-30, 10 P.3d 380 (2000). On remand after a conviction has been vacated for

---

[4] The State requests this matter be remanded for trial on "the original charges," Brief of Respondent at 11, and our decision would allow that. However, whether the State proceeds on the original charges, or any other charge for which the statute of limitations has not run is within prosecutorial discretion.

violation of the statute of limitations, the State may refile charges for which the statute of limitations has not run. *Swagerty*, 186 Wn.2d at 811; *Peltier*, 181 Wn.2d at 298. At the time the State charged House, the statute of limitations for first degree child rape did not expire until the victim's thirtieth birthday. Former RCW 9A.04.080 (1)(b)(vi)(c); Laws of 2013, ch.17, § 1.

Here, the State had timely charged House with first degree child rape. Moreover, the statute of limitations has not yet run on the crime of first degree child rape. We return the parties to the positions they were in before House pleaded guilty. Consequently, we hold that the remedy upon remand is not dismissal of the case, but a remand for the State to charge House with the crimes for which the statute of limitations has not run, and allow the matter to proceed accordingly.

House relies solely on *Stoudmire* to support his position that we should dismiss this case, but *Stoudmire* does not control here. In *Stoudmire*, the defendant pleaded guilty to two counts of indecent liberties, one count of statutory rape, and one count of rape of a child in the second degree among other crimes. *Stoudmire*, 141 Wn.2d at 347. He then filed a personal restraint petition (PRP) alleging that the statute of limitations had run on the two indecent liberties charges. *Stoudmire*, 141 Wn.2d at 347. Our Supreme Court agreed, and held that the charges were filed in violation of the three-year statute of limitations. *Stoudmire*, 141 Wn.2d at 354 (relying on RCW 9A.04.080). The Supreme Court vacated and dismissed the untimely convictions, but was silent on whether the State could refile any other charges against the defendant. *Stoudmire*, 141 Wn.2d at 352-56.

In contrast, the *Swagerty* court acknowledged that the State could refile the original charges against Swagerty, so long as the statute of limitations had not expired. *Swagerty*, 186

Wn.2d at 811. There, the State had charged Swagerty with rape of a child in the first degree and first degree child molestation. *Swagerty*, 186 Wn.2d at 805. Because of his criminal history, he would have faced a life sentence without possibility of parole if convicted of those crimes. *Swagerty*, 186 Wn.2d at 805. To avoid a life sentence, he negotiated a guilty plea in exchange for four lesser offenses, some of which were barred by the statute of limitations. *Swagerty*, 186 Wn.2d at 806. The trial court accepted Swagerty's plea to the lesser charges and imposed an exceptional sentence. *Swagerty*, 186 Wn.2d at 806. Swagerty filed a pro se PRP. *Swagerty*, 186 Wn.2d at 810.

We raised the issue that the statute of limitations had run on three of the amended charges sua sponte, and we vacated all the convictions because the plea agreement was indivisible. *Swagerty*, 186 Wn.2d at 806. We held that the State "may then refile any charges for which the statute of limitations has not yet expired." *Swagerty*, 186 Wn.2d at 806.

Our Supreme Court held that although the State would be allowed to refile the original charges on which the statute of limitations had not run, we erred in vacating all the charges without giving Swagerty an option to withdraw his PRP. *Swagerty*, 186 Wn.2d at 811. This was because Swagerty was not aware of the statute of limitations issue and was not represented by counsel, thus he may not have been aware of the consequences of his PRP, which could have included a life sentence. *Swagerty*, 186 Wn.2d at 811.

Our Supreme Court offered Swagerty an option of either vacating the judgment enforcing the plea agreement and risking the possibility of the State refiling the original charges, or withdrawing his PRP and maintaining the plea agreement. *Swagerty*, 186 Wn.2d at 811. The Supreme Court expressly rejected Swagerty's requested remedy: to vacate the three untimely

convictions and resentence him based on the single remaining charge. *Swagerty*, 186 Wn.2d at 812. The Court noted that allowing resentencing on only one of the four charges would result in an "unreasonable windfall," allowing Swagerty to unfairly take advantage of the plea deal by avoiding a life sentence without being convicted of the other lesser charges. *Swagerty*, 186 Wn.2d at 812. The Court then remanded for resentencing on the remaining amended charge that was not time barred and left open the possibility of the State refiling the original charges. *Swagerty*, 186 Wn.2d at 807.

Here, House relies on the *Stoudmire* court's silence to argue that the State here should not be able to refile the original charges. However, House's reliance on *Stoudmire* is misguided because the facts are distinguishable.

In *Stoudmire*, the Supreme Court was silent on the possibility of recharging Stoudmire because he pleaded guilty to the *original* charges, which were untimely filed. *Stoudmire*, 141 Wn.2d 352-56. House argues that the absence of an amended information in *Stoudmire* is irrelevant because the court could have allowed the State to file other, more serious charges against Stoudmire. This argument is unpersuasive. It would be unreasonable to conclude that the Supreme Court's failure to mention the possibility of recharging Stoudmire necessarily forecloses the opportunity for the State in that case, or in this case, to refile timely charges against a defendant. Not only is the interpretation unreasonable, it is also unsupported by any legal authority. Moreover, the *Swagerty* court similarly dismissed this argument, recognizing that, "*Stoudmire* almost exclusively concerned whether the petition could be heard at all, not the remedy should we reach the merits." *Swagerty*, 186 Wn.2d at 812.

7

House also argues that, unlike *Swagerty*, a dismissal with prejudice in this case would not result in an "unreasonable windfall" because he is serving a life sentence for his prior convictions regardless of the outcome of this case. Brief of Appellant at 4. That House is currently serving a life sentence, however, has no bearing on the State's authority to file timely charges on remand. Our Supreme Court has specifically held that the appropriate remedy in situations such as this is to place the parties "back in the position they were in before they entered into the agreement." *Swagerty*, 186 Wn.2d at 811 (quoting *Thompson*, 141 Wn.2d at 730).

House tries to further distinguish *Swagerty* by arguing that his case here involved no indivisible plea agreement, but this is also a distinction without a difference. House makes no real attempt to explain how the nature of the plea agreement should affect his remedy on remand.

We hold that upon remand, the State would have the option to refile any charges for which the statute of limitations has not run. House's requested remedy is not supported by authority, nor is it persuasive.

Because the assault charge was filed outside the statute of limitations period, the trial court was without authority to accept House's plea and enter the judgment and sentence. Consequently, we vacate House's plea and the judgment and sentence. The appropriate remedy allows the State to refile any charges for which the statute has not run.

Accordingly, we vacate House's plea and judgment and sentence, and remand for the State to refile any charges for which the statute of limitations has not run.

No. 54858-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_Worswick, J._

Worswick, J.

We concur:

_Glasgow, A.C.J._

Glasgow, A.C.J.

_Veljacic, J._

Veljacic, J.